C. Dean BURKE, Appellant,

v.

Lloyd D. DOERFLINGER, et
al., Respondents.

No. 47098.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 27, 1983.

Arnold T. Phillips, Jr., St. Louis, for appellant.

Robert W. Henry, Clayton, for respondents.

REINHARD, Judge.

Plaintiff appeals from an order granting defendants' joint motion for summary judgment. We affirm.

Plaintiff initially filed suit against defendants in March 1975 to enjoin a foreclosure sale contending that he had tendered payment on defaulted notes to the trustee. The trial court granted a temporary restraining order. Defendant counterclaimed against plaintiff for the amount due on three notes plus interest, and costs of collection expenses. The trial court ruled in favor of defendants, quashed the temporary restraining order, and entered judgment in the amount of $16,202.06 against plaintiff. This court affirmed that judgment on appeal in *Burke v. Doerflinger*, 565 S.W.2d 758 (Mo.App.1978).

In February 1976, a foreclosure sale was conducted and the property was sold at auction to defendant Doerflinger for $31,-205.00. Subsequently, a trustee's deed was delivered and recorded. In August, 1980, plaintiff filed his second suit, this time seeking to set aside the trustee's deed. Plaintiff alleged in this second suit the existence of the foreclosure sale and the trustee's deed; that defendants negligently "and carelessly failed to fulfill their duties as trustee and successor trustee." Judgment was entered for defendants. Plain-

tiff appealed, but his appeal was dismissed by this court for failure to prosecute.

In 1981, plaintiff filed his third lawsuit. It is a rambling petition containing numerous claims. There are no facts alleged of which plaintiff was not aware at the time of the filing of the second suit in 1980. Plaintiff seeks *inter alia,* an accounting; cancellation of the trustee's deed, foreclosure sale and deed of trust; and a declaration that he owned the property. In Count I, plaintiff alleges that the defendants retained sale proceeds of $15,002.94 and seeks an accounting and a judgment for that amount. In Count II, plaintiff seeks punitive damages for the willful conduct of defendant in Count I. In Counts III and IV, plaintiff alleges that defendants failed to divide the property to satisfy the judgment and in other respects breached their fiduciary duty to plaintiff and "failed to exercise due care with respect to Plaintiff and Plaintiff's property."

Interrogatories were propounded to the parties. Defendants filed a motion for summary judgment with supporting affidavits. In his answer to interrogatories, plaintiff admitted executing a note and deed of trust in the amount of $26,730.00 in favor of Mortgage Syndicate Inc. and acknowledged making no payments on the principal of the note. In his affidavit, defendant Draper averred that the excess sale proceeds of $15,942.76 were paid to Pioneer National Title Insurance Co., holder of the Mortgage Syndicate, Inc. note. Plaintiff admits that the deed of trust provided that the trustee was to repay first, the cost and expense of executing the trust, next to repay any person who advanced or paid any money for prior notes, next the amount unpaid on the note secured thereby, next the amount on junior encumbrances and finally the balance to plaintiff.

■ The trial court granted defendants' motion for summary judgment. In ruling on a motion for summary judgment, the trial court and the appellate courts must scrutinize the summary judgment evidentiary record in the light most favorable to

the party against whom the motion was filed and the judgment was rendered, and to accord to such party the benefit of every doubt. *Brown v. Upjohn Co.,* 655 S.W.2d 758 (Mo.App.1983); *Edwards v. Heidelbaugh,* 574 S.W.2d 25 (Mo.App.1978). Summary judgment is only proper when the court determines from that record that there are no material issues of fact and that the movants are entitled to a judgment as a matter of law. *Gunning v. State Farm Mutual Automobile Insurance Co.,* 598 S.W.2d 479 (Mo.App.1980).

On appeal, plaintiff contends there are genuine issues of material facts in dispute and that the trial court erred in granting summary judgment on the ground that plaintiff's petition was barred by either collateral estoppel or res judicata. There is no merit to his claim.

It is clear there are no genuine issues of material fact remaining as to plaintiff's claim in Count I. Defendant paid over the sale proceeds in compliance with the terms of the deed of trust and plaintiff is not entitled to any relief. Because he is not entitled to relief under Count I, there is no merit to his claim in Count II.

Collateral estoppel prevents a relitigation of the precise issues raised in paragraph 29 of Count III and paragraphs 41 and 42 of Count IV. *American Polled Hereford Association v. City of Kansas City,* 626 S.W.2d 237 (Mo.1982). As to the claim stated in Count III based on the defendants' failure to divide the property, we need only say that defendants were under no such duty. Section 513.210 RSMo 1978 and Rule 76.11 (formerly Rule 76.24) cited by plaintiff have no application to a trustee in a foreclosure action.

The principles of res judicata and splitting a cause of action bar plaintiff's remaining claims that defendants have variously breached their fiduciary duty to plaintiff. Res judicata and splitting a cause of action are closely related because both are designed to prevent a multiplicity of lawsuits. *Dunn v. Pickard,* 284 S.W.2d 6, 9–10 (Mo.App.1955).

A cause of action which is single may not be split and filed or tried piecemeal, the penalty for which is that an adjudication on the merits in the first suit is a bar to a second suit. In general, the test for determining whether a cause of action is single and cannot be split is: 1) whether separate actions brought arise out of the same act, contract or transaction; 2) or whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions. *Grue v. Hensley,* 357 Mo. 592, 210 S.W.2d 7, 10 (1948). The word "transaction" has a broad meaning. It has been defined as the aggregate of all the circumstances which constitute the foundation for a claim. It also includes all of the facts and circumstances out of which an injury arose. Id.

In the second suit filed in 1980, plaintiff alleged the foreclosure sale, the trustees deed and defendant's breach of their fiduciary duty as trustees and successor trustee. Plaintiff was aware of all the facts which he alleged in his third petition at the time of the filing of the second petition. It was incumbent upon him at that time to state all of the grounds arising out of that transaction which constituted a breach of defendants' duties as trustee and successor trustee. *See Gerhardt v. Miller,* 532 S.W.2d 852 (Mo.App.1975); *Smith v. Hackleman,* 467 S.W.2d 61 (Mo.App.1971). Otherwise, this action could be decided adversely to plaintiff on its merits and plaintiff could bring yet another action against defendant alleging other previously unstated grounds by which defendants' breached their fiduciary duty in foreclosing upon this property.

This is not a case where plaintiff misconceived his remedy as in *Owens v. Government Employees Insurance Co.,* 643 S.W.2d 308 (Mo.App.1982).

Moreover, *Dreckshage v. Community Federal Savings & Loan,* 641 S.W.2d 831, 833 (Mo.App.1982) bars the remaining claims on the basis of res judicata. In the case under review, plaintiff concedes that the parties are the same and the prior liti-

gation constituted an adjudication on the merits. In *Dreckshage,* this court held that res judicata was a bar to a second suit which alleged a breach of fiduciary duty on the part of a trustee in a foreclosure sale. The court stated at 834:

> All relevant information, was available to the plaintiffs before the trial and judgment in the original suit. The theories advanced by plaintiffs in the present action merely "depend on different shadings of the facts, or would emphasize different elements of the facts." Restatement of Judgments 2d, § 24, comment c. Under these circumstances, we must hold that the plaintiffs are barred from bringing this action.

Here, the remaining claims presented in the third lawsuit merely involve different elements of the facts or different shadings of the facts raised in the second action. Consequently these claims are barred by res judicata.

Affirmed.

KAROHL, P.J., and CRANDALL, J., concur.