**In re the MARRIAGE OF Donald EVANS and Teresa Marcella Evans a/k/a Teresa Hock.**

**Donald Evans, Plaintiff–Respondent,**

**v.**

**Teresa Marcella Evans a/k/a Teresa Hock, Defendant–Appellant.**

**No. 25964.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 24, 2004.

Application for Transfer Denied
Jan. 14, 2005.

Application for Transfer Denied
March 1, 2005.

Canice Timothy Rice, Jr., St. Louis, for appellant.

John M. Albright, Moore & Walsh, L.L.P., Poplar Bluff, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

Donald Evans ("Father") brought a suit, pursuant to section 454.520,[1] to determine the amount of back child support owed to Teresa (Evans) Hock ("Mother"). The trial court determined the principal amount of support, interest, court costs, and expenses which Father owed to Mother. Mother brings this appeal initially claiming Father failed to state a claim because his claim was barred by collateral estoppel, res judicata or the prohibition against splitting a claim. Mother further contends in her second point that section 454.520.5 is not applicable to judgments obtained in Illinois but only available to judgments rendered in Missouri. In her third point, Mother contends the trial court erred in its calculation by not following the principal and interest determinations of the Illinois courts. We affirm.

Father and Mother submitted this case to the court on a stipulation of facts. We have set forth here only the documents and stipulations that were before the trial court in the Stipulation of Facts. The stipulated pleadings and facts contained the following:

Exhibit 1 was an authenticated copy of the July 14, 2000 Illinois judgment filed with the Circuit Court of Butler County, Missouri. That initial registration included a judgment of dissolution, a settlement agreement between Mother and Father for the payment of a worker's compensation claim directly to Mother, and a nunc pro tunc order designating the original Order a "Judgment of Dissolution of Marriage." Exhibit 1 also included an affidavit of attorney Canice Timothy Rice, Jr. together with a computer printout of the amount Mother claimed to be owed on the judgment of dissolution: $8,751.80 in principal and $12,100.20 in interest, for a total of $20,852.00.[2]

Exhibit 2 contained Father's Motion to Set Aside and Vacate the Foreign Judgment. The exhibit also contained Father's Answer, which raised a statute of limitations defense and claimed that the amount owed had been improperly calculated pursuant to the laws of Missouri and the laws "wherein the judgment was entered." Additionally, the exhibit included a computer calculation of the "correct" principal and interest amounts.

Exhibit 3 included copies of a second authenticated registration of a foreign judgment of December 7, 2000. In that document, Mother re-registered the Order of Dissolution, the Judgment of Dissolution, the Nunc Pro Tunc Order, and the Settlement Agreement filed April 17, 1991. Additionally, Mother registered orders dated April 13, 1981; April 17, 1991; and November 9, 1992. The April 13, 1981 order found Father in contempt

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

2. Mother submitted additional computer printouts of principal and interest schedules in the appendix to her briefs. These printouts were not identical to those submitted to and reviewed by the trial court in the Stipulation of Facts. Appellate review of the judgment of the trial court is limited to evidence that was properly before the trial court. *McDonald v. Thompson,* 35 S.W.3d 906, 909 (Mo.App. S.D. 2001). Documents not presented to or considered by the trial court cannot be used for supplementation of the record on appeal. *Aufenkamp v. Grabill,* 112 S.W.3d 455, 458 n. 3 (Mo.App. W.D.2003).

for failing to pay $820.00 in child support and failing to maintain a minor child on a medical insurance policy. The April 17, 1991 order approved the settlement agreement regarding the payment of $21,000.00 to Mother from the earlier-mentioned worker's compensation claim. The November 9, 1992 contempt judgment found Father in arrears for $15,551.45 in principal and $1936.78 in interest.

Exhibit 3 also showed that Mother registered a judgment filed in Illinois on November 22, 2000. The November 22, 2000 judgment revived the original judgment in Mother's favor against Father for the $40.00 per week child support, as well as the court's subsequent orders and judgments concerning the amount of arrears in child support. The order, as typed, revived the judgments "for the amount of $35,378.17." This language containing the amount was crossed out, however, and no other calculation was included in the judgment. An amended affidavit of attorney Rice stated that the amount Father owed as of March 29, 1991, was $33,191.45, but after the $21,000.00 credit was given, Father owed only $12,191.45. The amended affidavit did not include a computer calculation indicating the amount due to Mother.[3]

Exhibit 4 contained the judgment of the court registering the foreign judgment, which found that Mother met all the requirements for registering a foreign judgment under Rule 74.14 and "no pleadings which deal with a stay as provided in subsection (d) of the rule were filed."

Exhibit 5 was a request and order for execution, garnishment or sequestration filed against Father on behalf of Mother.

Exhibit 6 was Father's Motion to Quash the Writ of Sequestration or, in the Alternative, for a Declaration of the Interest Due, whereas Exhibit 7 was the February 2, 2002 court order overruling Father's motion but providing no reason for the denial.

Exhibit 8 was the complete history of the accumulation of child support, but it does not include the accrual of any interest thereon or the payments made by Father prior to the registration of the foreign judgment in Butler County.

Exhibit 9 contained copies of six requests and orders for execution, garnishment or sequestration issued, while Exhibit 10 included the sheriff's receipts or checks for the amounts paid to Mother as a result of the returned garnishments.

Exhibit 11 was a copy of the final Request and Order for Execution, Garnishment or Sequestration and it showed a total of $5,458.33 collected from the attachments.

The parties agreed that Father opposed the recording of the judgment and, in the alternative, requested that the court determine the interest due on the Illinois judgment, but Mother challenged the determination of principal and interest, claiming that "a determination of interest was not provided for under Rule 74.14 and further suggested Father should attack a writ of garnishment or sequestration not the action recording the foreign judgment." The stipulation further agreed to the amount of court costs and sheriff's fees in the registration of the foreign judgment and

3. Mother also filed a somewhat illegible document which appears to be the handwritten order granting the dissolution. There are no contentions in this case relevant to that particular order.

garnishment endeavors. The parties did not submit any other stipulations or exhibits to the trial court.

The court entered judgment in favor of Mother for $1,959.11 in principal, $9,147.00 in interest, and $298.85 in court costs and expenses. As noted earlier, Mother brings three points on appeal but only the third claims error regarding the calculation of the principal and interest. Mother's first two points claim that the trial court should not have entered any judgment at all on Father's motion.

■ Mother's first point on appeal is a claim that the trial court should not have ruled on the merits of Father's petition because his claim was barred by the doctrines of res judicata, collateral estoppel, or the prohibition against splitting a cause of action due to the prior litigation between Father and Mother. Mother claims that Father attempted to have the interest and principal calculated on two different occasions: first, when Mother registered the foreign judgment and, second, when she filed a request for a writ of sequestration. The refusal of the trial court to calculate the principal and interest on both of those occasions form the basis of Mother's argument that the matter has been previously litigated.[4]

When Mother originally attempted to register the nunc pro tunc order, judgment and settlement agreement, Father raised a statute of limitations defense. While the matter was pending in Butler County, Missouri, in 2000, Mother sought to revive the previous judgments in Illinois. The Illinois court revived the judgments but intentionally refused to declare the amount of principal and interest due on the previous judgments. Mother then registered the subsequent Illinois order which renewed *all* of the previous judgments. Father challenged the recording of the foreign judgment and requested that the trial court determine the principal and interest due; however, Mother contested the court's ability to calculate principal and interest during a Rule 74.14[5] action. The

---

4. We are somewhat perplexed by Mother's contention that the trial court had no jurisdiction to decide the issues raised in Father's motion because Mother and Father stipulated to the facts of this case in order to get a ruling from the trial court on Father's suit. We have not received any documents indicating that Mother requested the trial court to determine whether Father's claims were barred by previous litigation. We note, however, that Mother's Answer to the initial pleadings does raise the issue of "improperly splitting a cause of action" and collateral estoppel. Father does not contend that Mother's defenses were not before the trial court; therefore, we will proceed to determine whether the filing of the previous motions requesting the trial court to determine the principal and interest due on back due support bars Father from the present action.

5. Rule 74.14 states in pertinent part:

(b) **Filing and Status of Foreign Judgments.** A copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state may be filed in the office of the clerk of any circuit court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a circuit court of this state and may be enforced or satisfied in like manner.

. . . .

(d) **Stay.**
(1) If the judgment-debtor shows the circuit court that an appeal from the foreign judgment is pending or will be taken or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated upon proof that

Missouri court found no authority for deciding the issues raised in Father's pleadings in a registration of a foreign judgment action and declined to calculate the interest or principal in that action. Mother contends this first denial of the trial court to ascertain the correct amount of principal and interest bars further litigation under section 454.520.

Likewise, Mother argues the second attempt by Father to have the principal and interest calculated by the court bars the current action. Mother caused the trial court to issue an order for execution that was challenged by Father; however, the trial court declined to quash the order. Sufficient funds had been collected to satisfy the judgment if no interest had accrued. In Father's motion to quash the writ of sequestration, he again raised the issue of determining the correct amount of principal and interest, but Mother opposed having the trial court determine the principal and interest in the execution proceeding. The request to quash the writ of sequestration was summarily denied by the trial court with no explanation. Mother now maintains that Father should have appealed the trial court's denial of his request to determine the principal and interest amounts to preserve his ability to file a motion pursuant to section 454.520 and, because he did not appeal it, Father is barred from seeking a determination of the principal and interest owed on his child support obligation.

Father disagrees that he has split his cause of action in either of his first two efforts to have principal and interest calculated; he argues his suit did not alter the positions of the parties or change any previous judgment but rather involved different facts because the principal and interest owed constantly changes. He further notes that neither a Missouri nor Illinois court has calculated the amounts of the current principal and interest and, because principal and interest fluctuate monthly, debtors are always entitled to a determination of how any payments are credited against a judgment. He notes the only finding by the trial court in the registration action amounted to a determination that section 454.520 was not an appropriate defense to the proper registration of a foreign judgment and the court did not make any findings in the judgment on the sequestration proceedings regarding his efforts to have the principal and interest calculated.

■■■ Again, Father and Mother submitted the case on a stipulation of facts. Those facts included details of the Illinois and prior Butler County proceedings, a complete history of the accrual of child support, a computer printout from Father's and Mother's attorneys detailing the amounts owed, the amount of Father's voluntary and involuntary payments, and details of court costs. Because the trial court entered judgment based on a stipulation of facts, we only determine whether the trial court drew the proper legal conclusions from the stipulated facts. *Duckett Creek Sewer Dist. v. Golden Triangle Dev. Corp.*, 32 S.W.3d 178, 181 (Mo.App. E.D. 2000). Absent an erroneous declaration or application of the law, we will affirm the

the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was entered.

(2) If the judgment debtor shows the circuit court any ground upon which enforcement of a judgment of any circuit court of this state would be stayed, the court shall stay enforcement of the foreign judgment for any appropriate period upon requiring the same security for satisfaction of the judgment that is required in this state.

All rule references are to Supreme Court Rules (2004), unless otherwise stated.

trial court's decision. *Id.; Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Both Father and Mother cite to *Deatherage v. Cleghorn,* 115 S.W.3d 447 (Mo.App. S.D.2003), for a discussion of res judicata, collateral estoppel, and claim splitting. The doctrine of res judicata, or claim preclusion, operates as a bar to the reassertion of a cause of action that has been previously adjudicated between the same litigants or those in privity with them. *Id.* at 454.

> The doctrine of res judicata bars a claim if the following elements are satisfied: (1) an identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or status of the person for or against whom the claim is made.

*Id.*

■■ Res judicata and the rule against splitting a cause of action are " 'closely related because both are designed to prevent a multiplicity of lawsuits.' " *Id.* (quoting *Burke v. Doerflinger,* 663 S.W.2d 405, 407 (Mo.App. E.D.1983)).

> In general, the test for determining whether a cause of action is single and cannot be split is: 1) whether separate actions brought arise out of the same act, contract or transaction; 2) or whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions.

*Id.* at 455.

■■ The doctrine of collateral estoppel, or issue preclusion, on the other hand, precludes the parties or those in privity "from relitigating issues that were necessarily and unambiguously decided in a previous judgment." *Id.* at 454.

> The elements of collateral estoppel are: (1) the issue decided in the prior adjudications mirrors that in the present ac-

tion; (2) the prior adjudication resulted in a final decision on the merits; (3) the party against whom collateral estoppel may apply participated as a party or in privity with a party to the prior adjudication; and (4) the party against whom the doctrine may apply has had a full and fair opportunity to litigate the issue.

*Id.*

■ Clearly, Mother's argument concerning the collateral effect of the previous court overruling Father's first attempt to have the court determine the principal and interest due to Mother in the registration of the foreign judgment action has no merit. As the trial court hearing the 454.520 action explained, Rule 74.14 merely provides a vehicle to register a foreign judgment and affords only a limited number of defenses for challenging the registration of the judgment. There are only a few recognized exceptions to the requirement that Missouri is obligated to give full faith and credit to a judgment of a sister state; those exceptions are that the judgment is void for lack of jurisdiction over the person or over the subject matter, a failure to give notice to the judgment debtor occurred, or the judgment was obtained by fraud. *Sentinel Acceptance, Ltd., L.P. v. Hodson Auto Sales & Leasing, Inc.,* 45 S.W.3d 464, 467 (Mo.App. W.D.2001); *Doctor's Assoc. Inc. v. Duree,* 30 S.W.3d 884, 887 (Mo.App. E.D.2000). Father made no allegation concerning the lack of in personam jurisdiction, lack of subject matter jurisdiction, or lack of notice to himself. Further, he made no allegation in his motion that the Illinois judgments were procured by fraud. Had Father made one of these allegations, and had the trial court ruled on it, then that issue likely would have been precluded from further litigation.

Because Father's motion challenging the registration of the foreign judgment was not contending any of the calculations in

any of the Illinois judgments were procured by fraud or asserting either of the other two defenses to the full faith and credit mandate, the trial court could properly have determined that the procedure for registration of the judgment was an inappropriate avenue to determine the amount of principal and interest due on the judgment from the date of the judgment until it was registered in Missouri. Therefore, the registration of a foreign judgment and a claim under section 454.520 are not one cause of action; in other words, Father did not split his cause of action by failing to appeal the first denial of his motion to vacate and set aside the registration of the foreign judgment.

While at first blush, it appears that Mother has a valid argument concerning the second attempt by Father to have the principal and interest determined in the motion to quash the writ of sequestration because he requested an allocation of principal and interest as an alternative in his motion to quash, we do not believe that any judgment was entered on the merits of the cause of action. The request for the writ of sequestration was simply an aid to the execution of a judgment. Rule 90.16(a). Father did not contend in his motion to quash the sequestration that the writ should be quashed because all amounts due and owing had been paid nor did he raise any other legal defense to the writ. *See, e.g., MLJ Investments, Inc. v. Reid,* 877 S.W.2d 221 (Mo.App. E.D.1994) (finding that lack of final judgment prohibits order for execution, garnishment or sequestration); *State ex rel. Nixon v. Sweeney,* 936 S.W.2d 239, 242 (Mo.App. S.D.1996) (court must have jurisdiction over the res to support valid execution). Again, we find no error in the trial court's decision declining to determine the principal and interest in a summary writ of sequestration proceeding. Clearly then, Father's request for a determination of

principal and interest, as provided for in section 454.520.5, is a new proceeding with new facts and different law. The trial court was not barred by res judicata, collateral estoppel, or the prohibition against splitting a cause of action and had jurisdiction to decide the issues Father raised in his petition. Point I is denied.

Mother's second point contends that the court erred by allowing Father to proceed under section 454.520.5 because this provision, which allows the court to determine the amount of interest payments, only applies to judgments that are initially rendered in Missouri. Mother contends that the calculation of principal and interest violates Rule 74.14(b) regarding the defenses to the registration of the judgment. The thrust of Mother's argument is that all of the Illinois judgments were properly registered under Rule 74.14(b), and section 454.520 is not appropriately classified under Rule 74.14(b) as a procedure or defense for reopening, vacating, or staying a judgment of a circuit court of this state; therefore, section 454.520 cannot be used in any respect regarding the Illinois judgment. In other words, apparently, Father has no remedy to calculate the correct amount of principal and interest pursuant to section 454.520 because the initial judgment was entered in Illinois. Mother does not cite any Missouri cases for her proposition but, instead, relies upon the plain and ordinary language in sections 454.520.1, 454.520.2, and 454.520.3, all of which have language regarding judgments or orders of courts of "this state."

 Mother, however, disregards the plain language of Rule 74.14(b). Rule 74.14(b) provides that a judgment registered in this state may be enforced or satisfied in the same manner as a judgment of this state. Mother registered the prior Illinois judgments with the intention

of enforcing those judgments pursuant to Missouri law. She followed Missouri remedies law to file aids in execution of her Illinois judgments. She is a creditor in the state of Missouri seeking enforcement of a foreign judgment that has been properly registered in this state. As such, the properly registered Illinois judgment is entitled to be given full faith and credit as any Missouri judgment. We find that section 454.520.5 applies to foreign judgments that are properly registered in the state of Missouri.[6] Point II is denied.

In Point III, Mother contends that the trial court incorrectly calculated the amount of principal and interest due because the trial court should have started with the Illinois order of November 9, 1992, which set forth the arrearage as of that date, added principal and interest as determined by the Illinois court, subtracted any payments, and calculated additional interest. Our problem rests not with the basic contention that this court must enforce a valid Illinois judgment, if, in fact, it was the only registered judgment of the Illinois court and if the trial court did not follow that judgment. Our problem concerns Mother's failure to develop her argument in a way that assists her. She appropriately sets forth her contention, the standard of review, and cases concerning full faith and credit for foreign judgments. She cites a case for the general proposition that foreign judgments liquidating and reducing child support arrearages to a sum certain cannot be collaterally challenged upon a registration in this state. We have no quarrel with that principle; our problem is with Mother's application of that principle to the facts of this case.

Mother's sole argument is:

If one begins with the November 9, 1992 order determining the amounts of the principal and interest arrearages, and simply updates those figures by crediting any payments or other collections, by adding additional weekly child support obligations, and by calculating additional interest, the result would be that, as of April 28, 2003, Father owed Mother $19,511.45 [in] principal and $20,031.15 in interest.

She then supplies this Court with a "calculation employing this approach" in her appendix to her Brief. Her calculation is apparently based on figures included in a document in the appendix indicating a starting amount, per the November 9, 1992 order, and a 9% interest rate. The problem is that she did not supply the trial court in the stipulated facts with this particular computer printout. Although the amended affidavit of Mother's attorney included in Exhibit 3 states that, per the November 9, 1992 order, Father owed $15,551.45 in principal and $1,936.78 in interest, Mother never presented the trial court with a calculation showing the total amount owed as April 28, 2003. The only principal and interest calculation Mother supplied to the trial court was attached to her very first registration of the foreign judgment.

Father notes that Mother filed several foreign judgments that were irreconcilable and inconsistent regarding the amounts of the judgment at any given time and then requested the Missouri trial court to reconcile the outstanding judgments. We agree. From the documents submitted to the court, we can ascertain that Father and Mother were married in 1975, their only child was born in 1976, and the marriage was dissolved in Illinois on October

---

6. Section 454.520.5 does not include the language, "this state," in it. That alone may indicate a legislative decision to not limit the cause of action only to judgments first rendered in this state.

3, 1980, by a handwritten order. The child was emancipated in 1994. Father was ordered to pay Mother $40.00 per week in child support by a memorandum order on October 3, 1980; the order was converted nunc pro tunc into a judgment on April 2, 1986. The settlement between Mother and Father indicates, after a deduction for the payment from the workers' compensation settlement, Mother was still owed $12,191.45 as of March 29, 1991. There is no breakdown of principal and interest in the settlement agreement.

Of significance to this Court is the November 22, 2000 Illinois judgment reviving the previous Illinois orders and judgments. The Illinois court deliberately deleted the language, "for the amount of $35,378.17," which Mother claimed to be the amount of arrearage from the Illinois orders. The court order stated that Mother could recover "the total sum of money, and annual interest of 9[%] from the date of judgment and also petitioner's costs in this action." No amount of principal or interest was calculated by the Illinois court.

In working through the maze of documents, we find that the trial court, upon invitation of Father and Mother, performed a Herculean task of reconciling the previous judgments and arriving at an amount for principal and interest. Clearly, the parties invited the trial court to apply the relevant law to determine the correct amount of principal and interest. Mother has shown no error in the trial court's application of the law to these facts. Point III is denied.

The judgment is affirmed.

GARRISON, P.J., and PREWITT, J., concur.