**Billy George HOLLIDA and Shirley Ann Hollida, Plaintiffs,**

v.

**Billy G. HOLLIDA, Jr., Defendant, Michelle Hollida, Appellant,**

v.

**U.S. Bank Home Mortgage and The Law Firm South & Associates, Inc., Respondents.**

No. 27001.

Missouri Court of Appeals, Southern District, Division Two.

April 28, 2006.

Dennis P. Wilson, Parsons and Wilson, P.C., Dexter, for Appellant.

Nancy M. Wilson, South & Associates, P.C., Kansas City, for Respondents.

KENNETH W. SHRUM, Presiding Judge.

This appeal by Michelle Hollida ("Wife") charges that the trial court erred when it dismissed a third-party petition she had filed against U.S. Bank Home Mortgage ("Bank") and the law firm of South & Associates, P.C. ("the Firm").[1] This court agrees; accordingly, the judgment of the trial court is reversed and the cause is remanded.[2]

## FACTS

Originally, Wife was involved in dissolution litigation with Billy G. Holida, Jr. ("Husband"). In that case, the trial judge ordered the parties' ten-acre marital home property sold at public auction by the sheriff of Wayne County. An account of that sale and the issues that arose therefrom appear in *Hollida v. Hollida,* 131 S.W.3d 911 (Mo.App.2004) (*Hollida I*). Facts from *Hollida I* relevant in this appeal include the following. At the time of the sheriff's sale on May 2; 2003, Husband and Wife owed Bank approximately $117,000. This debt was evidenced by a promissory note secured by a deed of trust on the subject property. However, the note was in default and Bank's foreclosure

action against the property was in progress on May 2.

The purchaser at the May 2 sheriff's sale was Rocking H. Ranch, Inc., a corporation whose only shareholders were Billy George Hollida and Shirley Ann Holida (herein called "Husband's Parents"). The corporation's successful bid for the property was $50,000; however, the sheriff's conveyance thereof to the corporation was subject to Bank's deed of trust lien.

After the sale, the sheriff paid all expenses and fees associated with the court-ordered sale and paid the remainder of the $50,000 to Bank. The dissolution trial court that ordered the sale entered a judgment approving the sheriff's report of sale. *Id.* at 914. Thereon, Wife filed a motion to set aside the court's judgment. This motion gave multiple reasons for setting aside the sale. After an evidentiary hearing, the court denied Wife's motion. *Id.* at 915. Her appeal from the judgment approving the sale and denying her request that the sheriff's deed be set aside was the subject of *Hollida I.*

While *Hollida I* was pending before this court, Husband's Parents sued Husband and Wife for $82,956.60 plus interest. The basis for the suit was an alleged unpaid balance on the promissory note at issue in *Hollida I,* i.e., the note that had an unpaid balance of $117,000 at the time of sale. Husband's Parents alleged Bank assigned the note to them and that $82,956.60 was the principal balance due thereon.

Wife's response to that suit included a third-party petition seeking damages against Bank and the Firm. Her third-

---

1. When referring to Bank and the Firm collectively, we denominate them "Respondents."

2. Wife's second point relied on maintains the trial court abused its discretion by not allow-

ing her to amend her third-party petition after her initial pleading was dismissed. Because we are reversing and remanding, we need not address that point.

party petition allegations included the following: (1) the Firm represented Bank in foreclosure proceedings involving the subject real estate, and before the sheriff's sale, an employee of the Firm "made false and misleading representations" to Wife that whoever bought the land at the sale would take over the outstanding debt owed to Bank and she would no longer be liable pursuant to the promissory note and deed of trust; (2) Wife relied on the misrepresentations to her detriment and did not bid on the real estate; and (3) Respondents' misrepresentations were part of a fraudulent conspiracy between Respondents, Husband's Parents, and Husband to deprive Wife of her part of the real estate sale proceeds and enable Husband's Parents to buy the property for $50,000, "well below the market value."

Wife supported her third-party allegations, in part, by attaching two exhibits to her pleading. Exhibit 1 is Bank's September 4, 2003, letter addressed to Wife and Husband advising that their "loan with [Bank] was paid in full on September 2, 2003." Exhibit 2 is Bank's "Deed of Release" filed with the Wayne County recorder on July 2, 2004, regarding the subject land in which Bank acknowledged "payment in full of all sums described in and secured by said Deed of Trust." Identifying numbers on Exhibits 1 and 2 suggest that the "paid note" was the same note purportedly assigned by Bank to Husband's Parents.

Respondents moved to dismiss Wife's suit against them, alleging that Wife's pleading failed to state a claim upon which relief can be granted. In written arguments to the trial court, Respondents insisted that all claims made by Wife in her third-party petition were adjudicated adversely to her in *Hollida I*, and res judicata principles or the collateral estoppel doctrine precluded Wife from now stating a

cause of action against Respondents. Wife's written response argued that neither res judicata nor collateral estoppel applied.

Ultimately, the trial court adjudged that Wife's third-party petition failed to state a claim upon which relief could be granted and should be dismissed. The court provided no reasons or rationale for its decision. Wife then moved—within thirty days of the judgment of dismissal—for an order setting aside or vacating the dismissal and for leave to file an amended third-party petition. The court denied her requests and this appeal followed.

## DISCUSSION AND DECISION

Wife's first point relied on asserts that the trial court erred when it dismissed her third-party petition for failure to state a claim for which relief can be granted. She argues that her petition alleged facts which stated claims against Bank and the Firm including fraudulent misrepresentation, negligent misrepresentation, and civil conspiracy. The argument beneath her point relied on recounts the facts she has pleaded and what she claims are reasonable inferences that can be drawn therefrom to show she has adequately pled those causes of action.

Respondents, on the other hand, insist that Wife's arguments wholly miss the point. They claim this is so because the multiple memoranda and arguments filed by all parties regarding Respondents' motion to dismiss in the trial court addressed a single issue, i.e., whether res judicata or collateral estoppel mandated dismissal of Wife's third-party petition. Accordingly, Respondents argue that the order dismissing Wife's third-party petition "was not based upon insufficiency of pleading as [Wife's] Brief to this court represents." As support, Respondents cite *Dodson v. City of Wentzville*, 133 S.W.3d 528, 533

(Mo.App.2004), for the proposition that if a trial court fails to specify its reason for dismissing a petition, an appellate court must presume it acted for one of the reasons stated in the motion to dismiss. Respondents' argument continues as follows:

"[B]ecause the 'defenses of res judicata and issue preclusion are in essence defenses alleging the plaintiff has failed to state a claim upon which relief may be granted,' [*King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints,* 821 S.W.2d 495, 498 (Mo.banc 1991)], and as shown supra, [Wife] had to defend solely against these defenses when it moved to reopen the judgment and for leave to amend, these defenses are the only possible basis upon which the circuit court could have relied in rendering its judgment against [Wife]. Now, [Wife] has ignored the doctrines upon which the circuit court relied in rendering its dismissal, thereby not appealing the issues that were conclusive to the judgment she seeks to overturn." (Citations omitted.)

Respondents are correct, i.e., Wife makes no argument concerning the doctrines that the trial court presumptively relied on when it dismissed Wife's third-party petition. More than that, she offers no explanation for this omission.

 Even so, Respondents' brief addresses the res judicata and collateral estoppel issues and contains an extended argument to the effect that the trial court properly dismissed Wife's third-party petition based on those principles. Respondents do this without explicitly asking this court to affirm because of Wife's failure to brief this issue. *See* Rule 84.13.[3] This is understandable however, as Respondents

no doubt recognize such a request would be denied since (a) "res judicata and issue preclusion are in essence defenses alleging the plaintiff has failed to state a claim upon which relief may be granted," *King,* 821 S.W.2d at 498, and (b) questions as to the sufficiency of pleadings are not waived by non-briefing. *See* n. 3.

With the case in this posture, the question we must answer is whether the trial court erred when it implicitly ruled that Wife's claims were precluded by res judicata or collateral estoppel.

 Generally, the doctrine of collateral estoppel (issue preclusion) precludes a party or those in privity with that party from relitigating issues that were necessarily and unambiguously decided in a previous case and final judgment. *In re Marriage of Evans,* 155 S.W.3d 90, 96[8] (Mo. App.2004). The doctrine applies "when a second suit is between the same parties, or those in privity with them, but the cause of action is different." *Dodson,* 133 S.W.3d at 538[22]. The elements of collateral estoppel are: (1) the issue decided in the prior case mirrors that in the present action; (2) the prior suit resulted in a final judgment on the merits; (3) the party against whom the doctrine is asserted participated as a party or in privity with a party to the prior adjudication; and (4) the party against whom the doctrine may apply had a full and fair opportunity to litigate the issue. *Evans,* 155 S.W.3d at 96[9].

 Commonly, the term "res judicata" is called claim preclusion and is described as a judicially created doctrine designed to inhibit a multiplicity of lawsuits. *66, Inc. v. Crestwood Commons Redevelop-*

---

**3.** Rule 84.13(a) provides, in part: "(a) *Apart from questions ... as to the sufficiency of pleadings to state a claim upon which relief can be granted or a legal defense to a claim,* allegations of error not briefed ... shall not be considered in any civil appeal." (Emphasis added.)

*ment Corp.,* 998 S.W.2d 32, 42[29] (Mo. banc 1999). The res judicata defense precludes not only those issues on which the court in the former suit was required to pronounce judgment, but on all points properly belonging to the subject matter of the litigation and which the parties, exercising reasonable diligence, might have brought into the case at the time. *Chesterfield Village, Inc. v. City of Chesterfield,* 64 S.W.3d 315, 318[5] (Mo.banc 2002).

■■■ The elements of res judicata are: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or status of the person for or against whom the claim is made. *Evans,* 155 S.W.3d at 96[5]. Summarily stated, "the distinction between collateral estoppel and res judicata is that collateral estoppel operates only as to issues previously litigated, but not as to matters not litigated in the prior action even if they might have properly been determined." *Vogt v. Emmons,* 158 S.W.3d 243, 248 n. 3 (Mo.App.2005).

■■■ Initially, we note that collateral estoppel does not apply in this case. An overriding issue in Wife's third-party petition was whether Respondents misrepresented certain facts to Wife, namely, that she would not be liable on the note after the purchaser bought the property at the sheriff's sale and therefore she did not bid at the sale. This issue was not raised in *Hollida I; a fortiori,* it was not necessarily and unambiguously decided by that judgment. *Evans,* 155 S.W.3d at 96. The issues in *Hollida I* were multiple but did not include any claims against Respondents.

■■■ It appears that Respondents do not seriously contend otherwise. Throughout their argument, they characterize the present claims against Respondents as claims that "could have been brought" in *Hollida I.* This possibility of being brought in a previous action bespeaks of res judicata principles, i.e., issues and claims that could have been raised in the previous adjudication had the party been exercising reasonable diligence. *Chesterfield Village,* 64 S.W.3d at 318[5].

We agree with Respondents that Wife could have raised this issue in *Hollida I,* but disagree that this precludes her current suit. As to the first proposition, in *Hollida I,* Wife asked the trial court to set aside the sheriff's sale. One basis for this contention was an allegation that the sheriff's attorney, Jon Kiser, told her "if the property did not bring as much as was owed on it that she would not be liable for the deficiency." *Id.* at 920. As the *Hollida I* court found, Kiser denied this and the trial court was free to believe his testimony. *Id.* Similarly, Wife could have provided an additional basis to the trial court to set aside the sale, that is, Respondents told her the same thing and she relied on this statement when she chose not to bid on the property at the sale.

Even though she could have raised this issue, Wife is not precluded from bringing the present suit. This follows because the parties, subject matter, and evidence needed to sustain the claim here are not the same as in the previous case.

■■■ The defense of res judicata has been likened to other concepts such as the compulsory counterclaim rule and the prohibition against splitting a cause of action. *Joel Bianco Kawasaki v. Meramec Valley Bank,* 81 S.W.3d 528, 532–34 (Mo.banc 2002) (counterclaim); *Chesterfield Village,* 64 S.W.3d at 318–19 (splitting cause of action). The Missouri Supreme Court recognized that "res judicata and splitting a cause of action are closely related because both are designed to prevent a multiplicity

of lawsuits." *King,* 821 S.W.2d at 501 (quoting *Burke v. Doerflinger,* 663 S.W.2d 405, 407 (Mo.App.1983)). The test to figure out if a cause of action is single and cannot be split is: (1) whether the separate actions brought arise out of the same act or transaction and (2) whether the parties, subject matter, and evidence necessary to sustain the claim are the same in both actions. *Id.*

The *King* court quoted approvingly from the RESTATEMENT (SECOND) OF JUDGMENTS as to the general rule against splitting a cause of action. *Id.* at 501–02. The quoted rule, however, presupposes "a claim and action by a single plaintiff against a *single defendant.*" RESTATEMENT (SECOND) OF JUDGMENTS § 24, comment (e) (1982) (emphasis added); *see also, Lee v. Guettler,* 391 S.W.2d 311, 313 (Mo.1965). When two defendants are potentially liable for the same loss, the claims are considered separate and two suits can be maintained against the differing parties. RESTATEMENT (SECOND) OF JUDGMENTS § 49.

In *Hollida I,* the claim was to set aside the sheriff's sale due to the alleged misrepresentations of Kiser. In the present suit, the claim is for damages against Respondents for alleged misrepresentations. The parties are different, the claims are different, and the evidence needed in this suit will differ from that presented in *Hollida I. See, e.g., State ex rel. Todd v. Romines,* 806 S.W.2d 690, 692 (Mo.App.1991). As aptly stated by the RESTATEMENT:

> "When a person suffers injury as the result of the concurrent or consecutive acts of two or more persons, he has a claim against each of them. If he brings an action against one of them, he is required to present all the evidence and theories of recovery that might be advanced in support of the claim *against*

> *that obligor.* ... If he recovers judgment, his claim is 'merged' in the judgment so that he may not bring another action on the claim against the obligor whom he has sued.... Correlatively, if judgment is rendered against him, he is barred from bringing a subsequent action against the obligor.... But the claim against others who are liable for the same harm is regarded as separate. Accordingly, *a judgment for or against one obligor does not result in merger or bar of the claim that the injured party may have against another obligor.*"

RESTATEMENT (SECOND) OF JUDGMENTS § 49, comment (a) (emphasis added).

Here the harm may be the same, namely, the general idea that some damage occurred because certain individuals allegedly misrepresented facts to Wife. But, that harm was allegedly caused by two different defendants (Kiser in *Hollida I* and Respondents here). The claims are separate. Wife's current suit is not precluded by the defense of res judicata. The trial court erred when it ruled otherwise.

The judgment of the trial court dismissing Wife's third-party petition is reversed and the cause is remanded.[4]

GARRISON, J., and BATES, C.J., Concur.

---

4. We need not and do not decide if Wife's third-party petition complied with Rule 55.15 or if it would withstand a motion for a more definite statement pursuant to Rule 55.27(d).