Carl SPATH and Pam Spath, Appellants,

v.

Gary L. NORRIS, et al., Respondent.

No. WD 68904.

Missouri Court of Appeals, Western District.

March 17, 2009.

Michelle Lynn Webb Burns, Overland Park, KS, for appellants.

Robert E. Cowherd, Chillicothe and Jeffrey Scott Nichols, Kansas City, MO, for respondent.

Before DIV II: SMART, P.J., HARDWICK, and WELSH, JJ.

LISA WHITE HARDWICK, Judge.

Carl and Pam Spath appeal from the circuit court's dismissal of their Petition

for Damages, against Gary Norris and Jerry and Rhonda Lindsay, on grounds of *res judicata* and collateral estoppel. Because the court erred in applying these defenses, we reverse and remand.

## I. FACTUAL AND PROCEDURAL HISTORY

Gary Norris was the developer of a subdivision in Brookfield, Missouri, known as Quail Valley. Jerry and Rhonda Lindsay purchased two lots from Norris and built a home. The Spaths purchased both lots and the newly constructed home from the Lindsays in January 1999.

On May 11, 2002, the Spaths experienced a severe drainage problem in their home during a rainstorm. Water accumulated in the basement and created a four-foot deep pool in front of the home. The Spaths sustained damage to their land and their home, including interior structural damage. The drainage problems continued in August 2004, when another rainstorm resulted in flooding and more serious damage to the exterior of the home.

In April 2006, the Spaths filed suit against the City of Brookfield ("City") for damage allegedly caused by the negligent care and maintenance of the storm water drainage system, including a defective segment of pipe, and the negligent construction of a swale intended to remediate the run-off problem in 2003. ("*Spath I*") The City filed a motion to add Norris and the Lindsays as defendants, claiming they were responsible for the damage to the Spaths' home. The circuit court initially granted the motion, but the new defendants promptly filed motions to dismiss contending that they were not necessary parties under Rule 52.04(a)(1).[1] The court agreed and dismissed Norris and the Lindsays, finding:

[The City] does not allege the 'deformed segment of pipe' nor the 'swale' were installed or constructed by any of the added parties. Therefore, 52.04(a)(1) does not apply.... This Court can hear this case as between Plaintiff [Spaths] and Defendant [City] and render a Judgment and the operation of that Judgment will not cause any gain or loss to any of the joined defendants....

*Spath I* thereafter proceeded to trial, during which the court granted a directed verdict in the City's favor in January 2007.

Four months later, the Spaths filed a Petition for Damages against Norris and the Lindsays for breach of contract, breach of implied warranties, and negligence related to the construction and design of the home, the storm water system, and the streets and curbs in the subdivision, all of which allegedly resulted in the drainage problems and flooding of the home and property. ("*Spath II*") Norris and the Lindsays moved to dismiss, asserting the affirmative defenses of *res judicata* and collateral estoppel based on *Spath I*. The circuit court granted the motion and entered judgment dismissing the petition. The Spaths appeal.

## II. ANALYSIS

In their sole point on appeal, the Spaths contend the circuit court erroneously applied the law in dismissing their petition on grounds of *res judicata* and collateral estoppel. Because a determination of *res judicata* necessarily depends upon proof of the prior judgment, we review the motion to dismiss under the same standards as a motion for summary judgment. *WEA Crestwood Plaza, L.L.C. v. Flamers Charburgers, Inc.*, 24 S.W.3d 1, 5

1. All rule citations are to the Missouri Rules of Civil Procedure (2008) unless otherwise

noted.

(Mo.App.2000). The propriety of summary judgment is a question of law subject to our *de novo* review. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo.banc 1993). We give no deference to the circuit court's ruling and view the record in a light most favorable to the Spaths, as the party against whom summary judgment was entered. *Id.*

### A. RES JUDICATA

The doctrine of *res judicata* operates to bar any claim that was previously litigated between the same parties or those in privity with them. *In re Marriage of Evans,* 155 S.W.3d 90, 96 (Mo.App.2004). The defense precludes consideration of issues decided in the prior lawsuit, as well as those issues that the parties could have brought into the case at that time. *Hollida v. Hollida,* 190 S.W.3d 550, 555 (Mo. App.2006). *Res judicata* is applicable upon "the concurrence of four elements: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or status of the person for or against whom the claim is made." *Romeo v. Jones,* 86 S.W.3d 428, 432 (Mo.App.2002).

There is also a rule against splitting a cause of action, which is a form of *res judicata.* *Shores v. Express Lending Servs., Inc.,* 998 S.W.2d 122, 127 (Mo.App. 1999). To determine if a cause of action is single and cannot be split, the test is: "(1) whether the separate actions brought arise out of the same act or transaction and (2) whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions." *Hollida,* 190 S.W.3d at 556.

The Spaths contend the court erred in finding their claims in *Spath II* were barred by the *res judicata* effect of *Spath I* because the two cases did not involve the same parties and subject matters. *Spath I* was filed against the City for negligent maintenance of the public storm water drainage system. Although Norris and the Lindsays were initially joined as defendants in *Spath I,* the circuit court ultimately dismissed them as parties because they had no control over the maintenance or repair of public property. *Spath II* was filed against Norris and Lindsay and alleged breach of contract theories and negligence in the design and construction of the home and drainage system in the subdivision. We agree that there were different defendants in the two lawsuits and different subject matters, in that *Spath I* addressed the maintenance of the public storm water system while *Spath II* dealt with the design and construction of private and public property.

Norris argues that he was in privity with the City based on its approval of his development plans for the Quail Valley subdivision. He therefore asserts that the directed verdict in favor of the City in *Spath I* was determinative of the claims against him in *Spath II*. As noted, however, the only claims against the City in *Spath I* were for negligent *maintenance* of the public storm water system and not for the design and construction that occurred during the development phase. Norris had no role in the City's obligation to maintain public property and could not be sued for failing to do so. "Privity, as a basis for satisfying the 'same party' requirement of *res judicata,* is premised on the proposition that the interests of the party and non-party are so closely intertwined that the non-party can fairly be considered to have had his or her day in court." *Stine v. Warford,* 18 S.W.3d 601, 605 (Mo.App.2000). By such a test, Norris's claim must fail.

The Spaths could have brought their damage claims against all of the defendants in a single lawsuit, but we find no authority that required them to do so. "When two defendants are potentially liable for the same loss, the claims are considered separate and two suits can be maintained against the differing parties." *Hollida*, 190 S.W.3d at 556. The Spaths were entitled to bring separate and distinct causes of action separately against Norris and the Lindsays, even if they arose out of the same transaction as the claims against the City; and the prohibition against splitting a cause of action does not apply here because the parties are different. *Shores*, 998 S.W.2d at 127–28. Missouri courts have cited with approval the language found in RESTATEMENT (SECOND) OF JUDGMENTS Section 49, Comment (a):

> When a person suffers injury as the result of the concurrent or consecutive acts of two or more persons, he has a claim against each of them. If he brings an action against one of them, he is required to present all the evidence and theories of recovery that might be advanced in support of the claim *against that obligor* .... If he recovers judgment, his claim is "merged" in the judgment so that he may not bring another action on the claim against the obligor whom he has sued.... Correlatively, if judgment is rendered against him, he is barred from bringing a subsequent action against the obligor.... But the claim against others who are liable for the same harm is regarded as separate. Accordingly, a *judgment for or against one obligor does not result in merger or bar of the claim that the injured party may have against another obligor.*

*Hollida*, 190 S.W.3d at 556 (emphasis added).

The harm may be the same in *Spath I* and *Spath II*—i.e. damage to the Spaths' home resulting from defective drainage systems—but it was caused by different parties, challenged under different legal theories, and required proof of different facts against the defendants. In light of these circumstances showing a lack of common identity, the circuit court improperly applied the doctrine of *res judicata* to bar the claims in *Spath II.*

### B. COLLATERAL ESTOPPEL

Collateral estoppel, or issue preclusion, bars relitigation of issues that were necessarily and unambiguously decided in a prior proceeding. *Shores*, 998 S.W.2d at 126; *Taylor v. Compere*, 230 S.W.3d 606, 611 (Mo.App.2007). In determining whether collateral estoppel applies, courts must consider whether: (1) the issue decided in the prior case was *identical* to that in the present action; (2) the prior suit resulted in a final judgment on the merits; (3) the party against whom the doctrine is asserted participated as a party or in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue. *State v. Polley*, 2 S.W.3d 887, 893–94 (Mo.App.1999).

Unlike *res judicata*, collateral estoppel applies to issues that are being relitigated even though the prior lawsuit raised a different cause of action. *Shores*, 998 S.W.2d at 126. "Collateral estoppel does not require the identity of claims and may be asserted by strangers to the original action." *Stine*, 18 S.W.3d at 606. But it will not prevent a party from litigating issues that were never argued or decided as essential to the prior judgment. *Shores*, 998 S.W.2d at 126.

Based on the pleadings, we find no basis for collateral estoppel in this case because

the issues presented are factually distinct from those in the prior litigation. *Polley,* 2 S.W.3d at 894. The City was sued in *Spath I* for negligent maintenance of the drainage system and other repair efforts, which occurred subsequent to the original construction. In *Spath II,* Norris and the Lindsays are being sued for breach of contract and warranties associated with the negligent design and construction of the dwelling, foundation, grading, drainage system, streets, and curbs. Clearly, the issues are not *identical.*

■ Nevertheless, we acknowledge the possibility that some of the facts decided in *Spath I* may be relevant to the issues in *Spath II* and binding upon the Spaths. " 'The nature of collateral estoppel is that a fact appropriately determined in one lawsuit is given effect in another lawsuit involving different issues.' " *Shores,* 998 S.W.2d at 126 (*quoting State ex rel. O'Blennis v. Adolf,* 691 S.W.2d 498, 501 (Mo.App.1985)). Without a copy of the transcript from *Spath I* and further insight into what proof might be required in the instant action, we cannot speculate as to whether the parties may be collaterally estopped from relitigating factual matters decided in the prior lawsuit. That will have to be determined by the circuit court as such matters arise and are properly presented by the parties in *Spath II.*

### CONCLUSION

The judgment is reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

All concur.