**Allen B. BERWALD and Shirley A. Berwald, Plaintiffs–Appellants,**

v.

**Edgar M. RATLIFF, Defendant–Respondent.**

**No. WD 41711.**

Missouri Court of Appeals, Western District.

Nov. 21, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 2, 1990.

Application to Transfer Denied Feb. 13, 1990.

Stephen K. Nordyke, Butler, for plaintiffs-appellants.

John L. Pursley, Butler, for defendant-respondent.

Before BERREY, P.J., and TURNAGE and ULRICH, JJ.

PER CURIAM:

Allen and Shirley Berwald appeal from an order of the circuit court dismissing their petition for damages against Edgar Ratliff. In their sole point, appellants argue that the trial court erred in its dismissal of their petition because the doctrines of res judicata and collateral estoppel are inapplicable to the present case. Affirmed.

Boatmen's Bank originally filed suit against appellants on August 20, 1986, to recover the balance, interest and attorney's fees due on a promissory note. Appellants counterclaimed alleging prima facie tort. The jury returned a verdict in favor of Boatmen's on the note and a verdict in favor of appellants on their prima facie tort claim, awarding actual damages in the amount of $50,000 and punitive damages in the amount of $100,000.[1] The bank appealed and this court reversed the judgment for prima facie tort holding that, "[t]he Berwalds failed to make a submissible case." *Boatmen's Bank of Butler v. Berwald,* 752 S.W.2d 829, 834 (Mo.App.1988). Respondent Ratliff, the president and CEO of Boatmen's during the loan transactions, was not a party in *Berwald I.*

On October 6, 1988, the Berwalds filed their petition in the instant case against both Boatmen's and Ratliff.[2] Count I of that petition sounds in fraud and Count II sounds in civil conspiracy. These claims arose out of the same transactions which formed the prima facie tort claim in *Berwald I.* The trial court dismissed the petition on February 27, 1989. This appeal followed.

The Berwalds present one point on appeal, that the trial court erred in its dismissal of their petition in that: (1) res judicata was inapplicable as Ratliff was sued in his individual capacity and thus was not a party to the prior litigation; and (2) collateral estoppel was inapplicable as no issue decided adversely to the Berwalds in the prior litigation was essential to the maintenance of any of the claims in the present litigation.

"Traditionally, res judicata (claim preclusion) precludes the same parties from relitigating the same cause of action whereas collateral estoppel (issue preclusion) precluded the same parties from relitigating issues which had been previously adjudicated." *Oates v. Safeco Ins. Co. of America,* 583 S.W.2d 713, 719 (Mo. banc 1979). The doctrine of collateral estoppel has been extended, however, to allow strangers to the prior action protection against parties to the prior suit to bar the relitigation of

---

1. For a more detailed review of the facts and circumstances which gave rise to the instant litigation see *Boatmen's Bank of Butler v. Berwald,* 752 S.W.2d 829 (Mo.App.1988).

2. Appellants do not appeal from the dismissal of their claims against Boatmen's, making it clear in their brief that they "do not contest the propriety of this ruling by the trial court."

issues which were adjudicated previously. *Id.*

"The doctrine of res judicata requires the concurrence of four elements: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties to the action; and (4) identity of the status in which the persons sue or are sued." *Arana v. Koerner,* 735 S.W.2d 729, 733 (Mo.App.1987). Appellants contend that since Ratliff was not a party to the prior action res judicata cannot act as a bar. Furthermore, it is contended that since he is being sued in his individual capacity, he cannot defend based on his status as agent or employee of the bank. This argument ignores the fact that Ratliff was acting solely as an employee and agent of the bank. The transactions forming the basis for this action were in no way performed by Ratliff as an individual.

The claim against Boatmen's in *Berwald I* was predicated upon Ratliff's dealings with the Berwalds on behalf of the bank. It was Ratliff who told the Berwalds that no further credit would be extended them. *Boatmen's Bank of Butler v. Berwald, supra,* 752 S.W.2d at 830, Ratliff who drafted an agreement for the advancement of additional funds, *Id.,* and Ratliff who, the Berwalds asserted, knew of the dairy buy-out program and what the sale of their cattle would have meant to them. *Id.* at 833.

Ratliff testified at the first trial. This court commented upon, "[t]he somewhat harsh-sounding words of Mr. Ratliff," and finds that, "[t]he Berwalds, however, adduced no evidence regarding Mr. Ratliff's intent at the time of the replevin proceedings." *Id.* at 834. The doctrine of respondeat superior clearly applies here.

This court in *Ingels v. Citizens State Bank,* 632 S.W.2d 9, 12–13 (Mo.App.1982) addresses this issue by saying:

In the early case of *McGinnis v. Chicago, R.I. & P. Ry.,* 200 Mo. 347, 98 S.W. 590, 594 (1906), it is said, "... [I]t is generally held that, where the action is one involving the doctrine of respondeat superior, a judgment in separate actions acquitting the servant bars the action

against the master and *vice versa.*" [Italics added.] See, analogously, 46 Am. Jur.2d Judgments, § 570, p. 730, 731, "And where a judgment is in favor of the principal, the judgment is res judicata in an action against the agent, a derivative responsibility being present"; and the following Section 571, "Similarly, where suit is brought against an employer for the alleged wrong of an employee, it is held that a judgment on the merits for the employer bars an action against the employee, at least where it is conceded in the first action that the employee was acting within the scope of his employment." See also *Ted Saum and Company v. Swaffar,* 237 Ark. 971, 377 S.W.2d 606–607[1–3] (1964), and cases and authority there cited, including 50 C.J.S. Judgments § 757, p. 277; and *Hammonds v. Holmes,* 543 S.W.2d 20 (Tex. Civ.App.1976), holding that a judgment in favor of a bank in a wrongful foreclosure action barred a second action against the bank's employees, its officers, agents and servants.

The cases relied on by appellant are inapposite. Appellant cites *Eugene Alper Construction Co., Inc. v. Joe Garavelli's of West Port, Inc.,* 655 S.W.2d 132, 136 (Mo. App.1983), and *Arana v. Koerner, supra,* 735 S.W.2d at 729, to support their theory of dual capacity; that although the suit may be barred against Ratliff as an agent, it is not barred against Ratliff acting in his individual capacity. It is clear from *Berwald I* that Ratliff was not acting in his individual capacity but as an agent for the bank during the transactions which form the basis of this lawsuit.

The other requirements for res judicata are also present. The same transactions which formed the basis of *Berwald I* form the basis for this action. Indeed, appellant admits the propriety of the trial court's ruling as to Boatmen's Bank.

As res judicata properly bars the appellant from further litigation, the collateral estoppel argument is superfluous and need not be addressed. *See Consumers Oil Co. v. Spiking,* 717 S.W.2d 245 (Mo.App.1986) (issue of claim preclusion not decided by

the court as issue of collateral estoppel was conclusive).

The judgment of the trial court is affirmed.