SEE, Justice
(concurring specially).
I concur to overrule the application for rehearing, but write specially to address whether a plaintiff can obtain a double recovery for a single breach of duty by suing a defendant first in that defendant’s capacity as agent and then in Ms capacity as an individual.
Whether a defendant is in an agency rela-tionsMp with some third-party principal does not as a general rule affect his duty to act reasonably toward a plaintiff. See 681 So.2d 654 (Houston, J., dissenting);[1] Werner v. Henderson, 600 So.2d 1005, 1007 (Ala.1995). The question in this case, however, is wheth *882 er a plaintiff who settles an action for breach of duty against a defendant who was sued in his capacity as an agent, may bring a second action based on the exact same breach of duty against the defendant, in the defendant’s capacity as an individual. Because liability arises from the breach of a duty to the plaintiff, not from the existence of an agency relationship with some third-party principal, to the extent the release in the first action settled the defendants’ liability for the tortious acts at issue, this second action is barred by the doctrine of res judicata. See Berwald v. Ratliff, 782 S.W.2d 709, 711 (Mo.Ct.App.1989)(holding that a prior action against a bank president in his official capacity barred a subsequent action, based on the same acts, against the bank president in his individual capacity); Parmater v. Amcord, Inc., 699 So.2d 1238 (Ala.1997) (affirming a summary judgment in favor of the defendant based on a settlement of a previous action arising out of the same set of facts and involving the same parties).
In this case, the release that settled the first action against the defendants in their capacities as agents expressly reserved the right to bring a second action against the defendants in their individual capacities. Such a contractual reservation of a right, however, cannot create a new tort cause of action. The defendants’ liability arises from a single breach of duty, not from their capacities as agents or individuals. The reservation did not create a separate breach of duty proximately causing a separate injury for which the plaintiffs are due additional compensation. Thus, the release executed to settle the first action, as alleged in the defendants’ motion for summary judgment, finally resolved the liability of the defendants in this action.

. The editors of American Jurisprudence 2d state:
"[Ejvery person must so act or use that which he controls as not to injure another. In other words, if the agent is under a duty to third persons as well as to his principal, a breach of his duty to such third persons will render the agent liable to them. Thus, whether he is acting on his own behalf or for another, an agent who violates a duty which he owes to a third person is answerable to the injured party for the consequences .... In accordance with these principles, an agent or other employee, has been held liable to a third person for his own negligence. ...”
3 Am. Jur. 2d Agency § 309 (1986).