Kory A. WELCH, Appellant,

v.

Eli CONTRERAS, et al., Respondents.

No. WD 64832.

Missouri Court of Appeals,
Western District.

Oct. 25, 2005.

James E. Kiley, Jr., Overland Park, KS, for appellant.

David M. Druten, Overland Park, KS, for respondents.

Before VICTOR C. HOWARD, P.J., JAMES M. SMART and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Ms. Kory A. Welch appeals a circuit court judgment dismissing her case with prejudice, claiming that she neither improperly split her cause of action nor violated the pending action doctrine or section 509.290.1(8),[1] because the parties to her Missouri action were not the same parties to a similar action previously filed in Kansas. We affirm in part and reverse in part.

In January 2003 Ms. Welch filed an action in a Kansas state court against Mr. Eli Contreras, Producers Mortgage Corporation (PMC), John Doe(s) 1–5, and a number of other defendants. The case was removed to federal court and then remanded back to state court. While the case was pending in federal court, Ms. Welch filed a first amended complaint that inadvertently omitted Mr. Contreras as a defendant. A magistrate judge refused to allow Ms. Welch to file a second amended complaint to restore Mr. Contreras as a defendant, because he had not been timely served when the case had initially been removed. Hence, he was not a party to the Kansas action when Ms. Welch filed substantially similar claims against him and PMC in May 2004 in Platte County, Missouri.

Both lawsuits arose out of alleged misconduct on the part of Mr. Contreras and other PMC employees in a mortgage refinance transaction that involved Ms. Welch and her former husband and property they owned in Kansas. Mr. Contreras, a Platte County, Missouri, resident, was a mortgage loan officer trainee for PMC. In the Missouri action, Ms. Welch sought to hold him liable for breaching his fiduciary duties as an agent and employee of PMC;

---

1. Unless otherwise indicated, all statutory references are to RSMo (2000).

in both actions she sought to hold PMC liable under *respondeat superior* for its employees' conduct.[2]

The Kansas lawsuit, after the federal-based claims were dismissed, contains counts for fraud, negligence, civil conspiracy, defamation, and violation of the Kansas Consumer Protection Act. The Missouri lawsuit contains counts for fraud, negligence, civil conspiracy, defamation, and violation of the Missouri Merchandising Practices Act. Ms. Welch's plea for damages under each count in the Missouri lawsuit is linked to recovery available under this Missouri statute. The counts in the Kansas action stand alone with respect to Ms. Welch's claims for damages.

PMC and Mr. Contreras filed a motion to dismiss the Missouri lawsuit, claiming that the "pending action doctrine," section 509.290.1(8), and an impermissible splitting of the cause of action barred Ms. Welch's suit. The circuit court granted the motion, and this appeal followed. Ms. Welch claims that the doctrines which defendants invoked do not apply to cases involving different parties and that Mr. Contreras was never a party to the Kansas action because he was never served with process. Responding to her claims, defendants fur-

ther contend that the doctrines of res judicata, *respondeat superior*, and collateral estoppel also apply to bar the Missouri litigation, because the Kansas matter was tried to a verdict on its merits, while this appeal has been pending.[3] Because this contention refers to matters outside the legal record, we will not consider it further.

The parties state that the appropriate standard of review for the grant of a motion to dismiss is *de novo* and is guided by whether the petition "invokes principles of substantive law." *Koger v. Hartford Life Ins. Co.*, 28 S.W.3d 405, 409–10 (Mo. App. W.D.2000). Because the disposition of defendants' motion to dismiss required the consideration of matters extraneous to the pleadings,[4] the motion was actually a motion for summary judgment, and it should have been treated as such. *Chaney v. Cooper*, 954 S.W.2d 510, 515 (Mo.App. W.D.1997). Our review continues to be *de novo*, and we will affirm the circuit court's grant of the motion if no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *Id.*

There are no genuine issues of material fact. There is no dispute that Ms. Welch filed a lawsuit in Kansas against PMC and

---

**2.** Ms. Welch claims in her suggestions in opposition to respondents' motion to supplement legal file that PMC is named in the Missouri case under *respondeat superior* "solely in regard to the conduct of Mr. Contreras." Whereas, in the Kansas action, states Ms. Welch, PMC is named under *respondeat superior* for the conduct of the different defendants named therein. The civil conspiracy claim in the Missouri pleading, however, does allege that PMC is liable under *respondeat superior* for the purported fraudulent conduct of employees and agents in addition to Mr. Contreras. And those employees and agents were defendants in the Kansas action.

**3.** On appeal, PMC sought to supplement the legal file with jury instructions from the Kansas litigation. We denied the request, and

when PMC referred to the Kansas verdict and the jury instructions in its response, Ms. Welch sought to strike the response. While we denied her motion, we indicated that we would not consider "any statements or arguments in Respondents' brief that reference matters outside the record on appeal." Thus, we will consider the merits of the appeal without reference to the fact that the Kansas litigation was concluded in Ms. Welch's favor.

**4.** PMC and Contreras did not attach the Kansas pleadings to their joint and separate answer to Ms. Welch's Missouri petition. Instead, documents from the Kansas litigation were attached to defendants' memorandum of law in support of their motion to dismiss or stay.

other defendants arising out of a mortgage refinance transaction. Nor do the parties dispute that the Missouri lawsuit, also arising out of the same mortgage refinance transaction, was subsequently filed against PMC and a person who was not a party to the Kansas lawsuit. Moreover, there can be no dispute that the tort claims in each lawsuit are based on the same legal theories, i.e., fraud, negligence, civil conspiracy, defamation, and violation of consumer protection legislation. The first prong of our summary judgment review has accordingly been met.

Section 509.290 sets forth objections that may be raised by motion. Under subsection 1(8), a party may object "[t]hat there is another action pending between the same parties for the same cause in this state." This section is inapplicable because the previously filed action was not filed in Missouri.

■ Similarly, the "pending action doctrine," otherwise referred to as abatement, does not apply to cases pending concurrently by the same parties in the courts of different states. *Jewell v. Jewell*, 484 S.W.2d 668, 674 (Mo.App.1972). Rules of comity, however, do apply, "and parallel results should normally be expected." *Id.* Thus, where courts in two different states have coordinate jurisdiction, the one whose jurisdiction first attaches retains it and proceeds to final judgment regardless of any action taken by the other court. *Id. See also Grey v. Indep. Order of Foresters*, 196 S.W. 779, 783–84 (Mo.App.1917) (Missouri court did not err in refusing to recognize binding force of Canadian court judgment where parties' dispute was first submitted to Missouri court's jurisdiction). Comity and the duty to recognize the validity and effect of court proceedings in a foreign jurisdiction are not regarded as absolute rights, but are rather self-imposed restraints. *Id.* at 783. Thus, we cannot say as a matter of law, under principles of comity, that PMC was entitled to dismissal of the Missouri action. Nor, as a matter of judicial discretion, would this be an appropriate basis on which to affirm a motion for summary judgment. *Chaney*, 954 S.W.2d at 515.

■ Defendants also claim that Ms. Welch impermissibly split her cause of action. The Eastern District has established the principle that a plaintiff may not split her cause of action and try a single claim against different defendants seriatim. *State ex rel. Todd v. Romines*, 806 S.W.2d 690, 692 (Mo.App. E.D.1991); *Hagen v. Rapid Am. Corp.*, 791 S.W.2d 452, 455 (Mo.App. E.D.1990). No authority is cited for this principle other than "our rules." *Hagen*, 791 S.W.2d at 455. In apparent contrast, our supreme court has stated, "The rule against splitting a cause of action applies only where the several causes of action are between the same parties." *Lee v. Guettler*, 391 S.W.2d 311, 313 (Mo. 1965) (quoting 1 C.J.S. *Actions*, § 102. p. 1312). In *Lee* a husband and wife brought separate actions for personal injuries arising out of an auto accident against one defendant. *Id.* at 312. Their actions were dismissed because they had previously filed a joint action against the same defendant for damages to their car arising out of the same collision that had allegedly caused their personal injuries. *Id.* The supreme court reversed, determining that the "joint action of a husband and wife for damage to their jointly owned property is a separate and distinct action from the separate action each has a right to maintain for his or her own personal injuries." *Id.* at 313.

■ If we apply the test that is used to determine whether a cause of action is single and cannot be split, the result in *Lee* makes sense. That test is (i) "whether the separate actions brought arise out of the

same act, contract, or transaction"; or (ii) "whether the parties, subject matter, and evidence necessary to sustain the claim are the same in both actions." *Nicholson Constr. Co. v. Mo. Hwy. & Transp. Comm'n,* 112 S.W.3d 6, 10 (Mo.App. W.D. 2003). Clearly, the evidence necessary to sustain claims for property damage and personal injury are different, and joint chattel owners have interests that differ from individuals with personal injuries.

In our case, one plaintiff has sued multiple parties, including PMC, in Kansas. In Missouri, the same plaintiff has sued PMC and an employee omitted from her action in Kansas. The transaction is the same, the subject matter is the same, the legal theories are virtually the same, and the evidence needed to sustain the claims is exactly the same. PMC was sued in both actions under *respondeat superior* for the conduct of its employees, including Mr. Contreras. And while Ms. Welch has the right to file a lawsuit against Mr. Contreras in Missouri,[5] she clearly cannot bring the same lawsuit twice against PMC. *See Bagsby v. Gehres,* 139 S.W.3d 611, 616 (Mo.App. E.D.2004) (court finds cause of action split even where previously filed suit involved eleven defendants and case at bar involved only one of the eleven); *McCrary v. Truman Med. Ctr.,* 943 S.W.2d 695 (Mo.App. W.D.1997) (strict liability claims against hospital for surgery and implant dismissed as improper splitting of cause of action where previous suit alleged medical malpractice against hospital and dentist for same surgical procedure). As noted by the court in *Hutnick v. Beil,* 84 S.W.3d 463, 465 (Mo.App. E.D.2002), there are "sound policy reasons for prohibiting a party from splitting a cause of action." Among those reasons is the protection of defendants from the harassment of a multiplicity of lawsuits on the same cause of action or claims. *Grue v. Hensley,* 357 Mo. 592, 210 S.W.2d 7, 11 (1948).

Ms. Welch split her cause of action as to PMC. Thus, PMC was entitled to judgment in its favor as a matter of law. *Chaney,* 954 S.W.2d at 515. As for Mr. Contreras, Ms. Welch may proceed with the lawsuit against him. We reverse in part, affirm in part and remand for further proceedings.

VICTOR C. HOWARD, P.J., and JAMES M. SMART, J., concur.