

# In the
# Missouri Court of Appeals
# Western District

JESCHKE AG SERVICE, LLC, ET AL.,

Appellants,

v.

DANIEL S. BELL, ET AL.,

Respondents.

WD84474

OPINION FILED:

June 28, 2022

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Patrick William Campbell, Judge**

**Before Division Two:**
**Karen King Mitchell, P.J., Edward R. Ardini, Jr. and Thomas N. Chapman, JJ.**

Plaintiffs Jeschke AG Service, LLC ("Jeschke LLC"), Brent Jeschke, Lisa Jeschke, John

Jeschke, and Linda Jeschke appeal the judgment of the Circuit Court of Jackson County which

granted a motion to dismiss filed by defendants the Law Office of Michael P. McDonald, Jr., the

Law Office of David J. Bogdan, and the Law Office of McDonald and Bogdan (collectively,

"Law Office Defendants") and defendants Daniel Bell and Michael McDonald, Jr., (collectively,

the "Attorney Defendants" and together with the Law Office Defendants, "Defendants").[1]

Plaintiffs raise three points on appeal. Plaintiffs' first two points assert that the trial court erred

---

[1] Although we recognize that the proper terms for the parties in this appeal are Appellants and Respondents, we utilize the terms Plaintiffs and Defendants in the hope that such labels provide additional clarity given the posture of this case.

in granting the Defendants' motion to dismiss (1) on the basis of the abatement doctrine, or (2) on the basis that Plaintiffs violated the prohibition on claim splitting. Plaintiffs' third point asserts that the trial court erred in dismissing the Law Office Defendants based on the trial court's determination that the Law Office Defendants lacked the capacity to be sued. The judgment is affirmed in part, reversed in part, and the case is remanded.

## Background

In March of 2014, an automobile accident occurred involving a farm tractor owned by Jeschke LLC. Roger Ross filed a lawsuit against Jeschke LLC for damages incurred in the accident. The lawsuit proceeded to trial in the Circuit Court of Jackson County, and the jury returned a verdict in favor of Ross. The lawsuit resulted in a judgment against Jeschke LLC in the amount of $2,535,000 in economic damages, $250,000 in non-economic damages, and $750,000 in punitive damages. The judgment was affirmed on appeal in *Ross v. Jeschke Ag Service, LLC*, 552 S.W.3d 719, 721 (Mo. App. W.D. 2018).

On April 3, 2020, Plaintiffs filed a six-count petition in the Circuit Court of Jackson County and named as defendants Nationwide Agribusiness Insurance Company, Nationwide Mutual Insurance Company (together with Nationwide Agribusiness Insurance Company, the "Nationwide entities" or the "Nationwide Defendants"), the Law Office Defendants, and the Attorney Defendants. Counts I, II, and III asserted bad faith, breach of fiduciary duty, and breach of contract against the Nationwide entities. Counts IV and V asserted legal malpractice and breach of fiduciary duty against the Nationwide entities, the Law Office Defendants, and the Attorney Defendants. Count VI sought damages from the Nationwide entities on the theory of vicarious liability for the actions of the Attorney Defendants and the Law Office Defendants.

Pursuant to a motion to transfer venue filed by the Nationwide entities, proceedings were transferred to the Circuit Court of Cole County, where the case was assigned number 20AC-CC00271 ("Cole County Action").

On August 27, 2020, following the transfer of venue to the Circuit Court of Cole County in the Cole County Action, the Plaintiffs filed a petition against the Attorney Defendants and the Law Office Defendants in the Circuit Court of Jackson County ("Jackson County Action"). The Jackson County Action asserted two counts against the Attorney Defendants and Law Office Defendants. Count I asserted legal malpractice; Count II asserted breach of fiduciary duty.

On September 2, 2020, Plaintiffs voluntarily dismissed the Law Office Defendants and the Attorney Defendants from the Cole County Action without prejudice.

In sum, following the transfer of venue, Plaintiffs sought to continue to bring suit against the Nationwide entities in the Cole County Action. Plaintiffs dismissed the Law Office Defendants and Attorney Defendants from the Cole County Action, and Plaintiffs sought to bring suit against the Law Office Defendants and Attorney Defendants in the Jackson County Action where the Plaintiffs asserted venue was proper for their action against the Law Office Defendants and Attorney Defendants.

The Law Office Defendants and Attorney Defendants responded to the petition in the Jackson County Action by filing a motion to dismiss, which asserted that three grounds warranted dismissal. First, all Defendants asserted that Plaintiffs had engaged in improper claim-splitting. Second, all Defendants asserted that the abatement doctrine was grounds for dismissal because there was a pending action involving the same parties and the same subject matter. Third, the Law Office Defendants asserted that they were not entities with the capacity to be sued. The Defendants attached exhibits to the motion to dismiss, including the petition in what

3

became the Cole County Action, the petition in the Jackson County Action, the Plaintiffs' filing of dismissal of the Defendants from the Cole County Action, and affidavits filed by Michael P. McDonald, Jr., and David J. Bogdan. The Plaintiffs filed a response to the motion to dismiss. The Plaintiffs attached six exhibits to the response, which were court documents in which court appearances were made by "the Law Office OF [*sic*] Michael P. McDonald, Jr.," and "the Law Offices of David J. Bogdan," and a withdrawal of counsel was made by "Daniel S. Bell and the Law Office of McDonald and Bogdan."

The trial court held a hearing on the motion to dismiss after which the trial court granted the motion. With respect to the Plaintiffs' counts against the Law Office Defendants, the trial court determined that the Law Office Defendants lacked the capacity to be sued and dismissed the Law Office Defendants with prejudice. With respect to Plaintiffs' counts against the Attorney Defendants, the trial court found that the Plaintiffs' action arose out of the same act, contract, and transaction as the Cole County Action. The trial court also determined that the parties, subject matter, and evidence necessary to sustain the Plaintiffs' claim were the same in the Cole County Action and the subsequent Jackson County Action. Thus, the trial court dismissed Plaintiffs' claims against the Attorney Defendants without prejudice.

Plaintiffs now appeal to this court.

## Jurisdiction

We must determine *sua sponte* whether we have jurisdiction to hear an appeal. *Phox v. Boes*, 481 S.W.3d 920, 921 (Mo. App. W.D. 2016) (citing *Cramer v. Smoot*, 291 S.W.3d 337, 338 (Mo. App. S.D. 2009)). In most circumstances, a final judgment is a prerequisite to appellate review. *See* § 512.020. A final judgment "resolves all issues in a case, leaving nothing for future determination." *Ndegwa v. KSSO, LLC*, 371 S.W.3d 798, 801 (Mo. banc 2012) (quoting *Gibson*

4

*v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997)). In this matter, the circuit court dismissed the Law Office Defendants with prejudice, but dismissed the Attorney Defendants without prejudice. Dismissals without prejudice call into question whether there is a final, appealable judgment. *Avery Contracting, LLC v. Niehaus*, 492 S.W.3d 159, 162 (Mo. banc 2016). Often, "when an action is dismissed without prejudice, a plaintiff may cure the dismissal by filing another suit in the same court." *Phox*, 481 S.W.3d at 921 (quoting *Cramer*, 291 S.W.3d at 339). However, "an appeal from a dismissal without prejudice can be taken where the dismissal has the practical effect of terminating the litigation in the form cast or in the plaintiff's chosen forum." *Avery Contracting*, 492 S.W.3d at 162 (internal quotation omitted). In this matter, the dismissal of the Attorney Defendants without prejudice had the practical effect of terminating the litigation in the Plaintiffs' chosen forum. That is, it would have been futile for Plaintiffs to refile in their chosen forum – the Circuit Court of Jackson County – if the reason for dismissal was proper. *See Cramer*, 291 S.W.3d at 339. Accordingly, despite the fact that the trial court dismissed as to the Attorney Defendants without prejudice, the trial court's judgment is a final, appealable judgment.

**Analysis**

Plaintiffs raise three points on appeal. In their first two points, they contend that the trial court erred in granting the Defendants' motion to dismiss on the basis of either the abatement doctrine or the prohibition on splitting a cause of action because both the abatement doctrine and the prohibition on splitting a cause of action apply only when there is a pending suit between the same parties involving the same claims. In their third point, they contend the trial court erred in dismissing as to the Law Office Defendants on the basis that the Law Office Defendants lack the capacity to be sued because the Law Office Defendants "held themselves out" to the public as

5

independent law firms and were therefore estopped from denying that they were a legal entity capable of being sued. We address these points in turn.

## Point One

In their first point on appeal, Plaintiffs argue that dismissal was inappropriate based on a determination that the Plaintiffs improperly split their cause of action such that abatement was warranted. Specifically, Plaintiffs contend that the abatement doctrine only applies where another case is pending for the same issues between the same parties, and that abatement is inapplicable in this matter because there is no case currently pending in Cole County between the Plaintiffs and the Attorney and Law Office Defendants named in the instant Jackson County Action. Plaintiffs further argue that they asserted different causes of action against the Defendants in the underlying Jackson County Action than those asserted against the Nationwide entities in the Cole County Action.

We review a trial court's grant of a motion to dismiss *de novo*. *Foster v. State*, 352 S.W.3d 357, 359 (Mo. banc 2011). Generally, when reviewing the propriety of the trial court's dismissal, we consider the grounds raised in the motion to dismiss and do not consider matters outside the pleadings. *Id.* "If the motion to dismiss can be sustained on any ground alleged in the motion, the trial court's ruling will be affirmed." *Id.* (citing *Farm Bureau Town and Country Ins. Co. of Missouri v. Angoff*, 909 S.W.2d 348, 351 (Mo. banc 1995)).

Although it is generally inappropriate to consider matters outside the pleadings in determining the propriety of the grant of a motion to dismiss, *id.*, Rule 55.27(a) enumerates certain defenses which may, at the option of the pleader, be asserted by motion rather than in a responsive pleading. Rule 55.27(a)(9) lists one such defense: "That there is another action pending between the same parties for the same cause in this state[.]" This defense necessarily

6

requires proof of another action pending elsewhere in the state. In this matter, Defendants attached a number of exhibits to the motion to dismiss, including the petition in the Cole County Action,[2] and the Plaintiffs' filing which dismissed the Law Office Defendants and Attorney Defendants from the Cole County Action.

With respect to the defense based on a pending action elsewhere in the state, authorized to be made by motion by Rule 55.27(a)(9), Missouri courts have held that it is appropriate for the trial court to consider evidence beyond the pleadings in determining whether such action is, in fact, pending. *State ex inf. Riederer ex rel. Pershing Square Redevelopment Corp. v. Collins*, 799 S.W.2d 644, 651-52 (Mo. App. W.D. 1990) (discussing the history of Rules 55.27 and 55.28 with respect to evidence that may establish the defense). *See also Estate of Holtmeyer v. Piontek*, 913 S.W.2d 352, 357 (Mo. App. E.D. 1996) ("When deciding whether to grant a motion to dismiss on grounds of abatement, a trial court may look beyond the plaintiff's petition to the facts alleged in the movant's motion and supporting evidence attached thereto."). Thus, where evidence of the pending proceedings is attached to the motion to dismiss, and there is no dispute as to the contents of the evidence, it is appropriate for the court to consider such evidence attached to a motion to dismiss asserting the defense set forth in Rule 55.27(a)(9). *See id.*

"Abatement, also known as the 'pending action doctrine,' holds that where a claim involves the same subject matter and parties as a previously filed action so that the same facts and issues are presented, resolution should occur through the prior action and the second suit should be dismissed." *U.S. Bank, N.A. v. Coverdell*, 483 S.W.3d 390, 401 (Mo. App. S.D. 2015) (quoting *HTH Cos., Inc. v. Mo. Dep't of Labor & Indus. Relations*, 154 S.W.3d 358, 361 (Mo.

---

[2] This petition was originally filed in the Circuit Court of Jackson County prior to transfer.

App. E.D 2004)).  The abatement doctrine is premised on the principle that when two suits are pending between the same parties involving the same subject matter in courts of concurrent jurisdiction, the court in which the action was first filed acquires exclusive authority over the matter, such that the second suit cannot proceed while the first is pending.  *See State ex rel. Kincannon v. Schoenlaub*, 521 S.W.2d 391, 393-94 (Mo. banc 1975).  Because the abatement doctrine requires that another case be pending between the same parties, and because the parties in the pending Cole County Action are different from the parties in the underlying Jackson County Action, the abatement doctrine did not warrant the trial court's dismissal of the Attorney Defendants.

Defendants argue that the claims against the Law Office Defendants and Attorney Defendants were still pending in the Cole County Action at the time the Jackson County Action was filed.  It was only *after* the petition in the Jackson County Action was filed that the Law Office Defendants and Attorney Defendants were dismissed from the Cole County action.  Thus, Respondents rely on the fact that there was another pending action at the time the Jackson County Action *was filed* for the proposition that the abatement doctrine applies to justify dismissal of the Jackson County Action.

However, "[a] voluntary dismissal is effective on the date it is filed with the court." *Hague v. Trustees of Highlands of Chesterfield*, 431 S.W.3d 504, 508 (Mo. App. W.D. 2014) (quoting *State ex rel. Frets v. Moore*, 291 S.W.3d 805, 812 (Mo. App. S.D. 2009)).  Upon a voluntary dismissal, "it is as if the suit were never brought." *Id.* Thus, following such a dismissal, the "circuit court may take no further steps as to the dismissed action, and any step attempted is viewed a nullity." *Id.*  Accordingly, the fact that the Plaintiffs filed the petition in the Jackson County Action prior to the voluntary dismissal of the Defendants from the Cole

8

County Action has no bearing on whether there is another action pending between the same parties, because, following the voluntary dismissal, it is as if the claims against the Attorney Defendants and Law Office Defendants were never brought in the Cole County Action. *See id.* Here, once the Plaintiffs voluntarily dismissed the Defendants from the Cole County Action, the Circuit Court of Cole County no longer had any authority, much less exclusive authority, to proceed on Plaintiffs' action against the dismissed Defendants. Thus, the abatement doctrine no longer stood to bar the Jackson County Action from proceeding.

Point one is granted.

**Point Two**

In their second point, Plaintiffs contend that the trial court erred in granting the Defendants' motion to dismiss on the ground that the Plaintiffs had improperly split a cause of action because "splitting" requires that another case is pending for the same issues between the same parties. Plaintiffs contend that the Jackson County Action and the Cole County Action involve separate parties and separate causes of action.

The defense of claim splitting is based on the principle that "[a] cause of action which is single may not be split and filed or tried piecemeal, the penalty for which is that an adjudication on the merits of the first suit is a bar to a second suit." *Burke v. Doerflinger*, 663 S.W.2d 405, 407 (Mo. App. E.D. 1983). The defense of claim splitting is closely intertwined with the defense of *res judicata*, and Missouri courts have characterized the defense of claim splitting as a form or aspect of *res judicata*, which "bars a litigant from asserting claims that should have been asserted in previous litigation." *See Palmore v. City of Pacific*, 393 S.W.3d 657, 666 & n.6 (Mo. App. E.D. 2013) ("This aspect of *res judicata* is commonly referred to as claim splitting."); *see also*

9

*Shores v. Express Lending Serv., Inc.*, 998 S.W.2d 122, 127 (Mo. App. E.D. 1999) ("[T]he rule against splitting a cause of action is a form of claim preclusion or res judicata.").

For the rules of *res judicata* to be applicable, a final judgment must have been rendered in prior litigation. *Steinbach v. Maxion Wheels Sedalia LLC*, 637 S.W.3d 493, 509-10 (Mo. App. W.D. 2021) (citing Restatement (Second) of Judgments § 13 (1982)). In this matter, the Defendants raised the defense of claim splitting on the basis of the pending litigation in the Cole County Action rather than on the basis of a final judgment in prior litigation. The rule against splitting a cause of action "generally applies to suits filed after the conclusion of a prior suit, [but] the doctrine also applies to actions pending simultaneously." *Id.* (quoting *G.B. v. Crossroads Academy-Central Street*, 618 S.W.3d 581, 591 n.8 (Mo. App. W.D. 2020)). "[W]here actions are *simultaneously* pending, claim splitting is a distinct (and narrower) affirmative defense that is ripe for immediate assertion, even though the broader defense of res judicata cannot be asserted until there is a prior adjudication." *Id.* (emphasis in original). Claim splitting may be asserted as a defense based on separate pending litigation (rather than a prior final judgment) and is premised on the notion that a judgment on the merits (even though not yet rendered) in the pending litigation will necessarily result in a bar to litigation against the same defendant in the separate suit.

"In general, the test for determining whether a cause of action is single and cannot be split is: 1) whether separate actions brought arise out of the same act, contract or transaction; 2) or whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions." *Burke*, 663 S.W.2d at 407 (citing *Grue v. Hensley*, 210 S.W.2d 7, 10 (Mo. 1948)).[3]

---

[3] The language from *Burke* regarding the tests for determining whether the rule against splitting a cause of action has been violated was later quoted with approval by the Missouri Supreme Court as aptly stating the rule. *King Gen.*

10

"The rule against splitting a cause of action applies only where the several causes of action are between the same parties." *Lee v. Guettler*, 391 S.W.2d 311, 313 (Mo. 1965) (citation omitted); *see also Imler v. First Bank of Missouri*, 451 S.W.3d 282, 294 (Mo. App. W.D. 2014) ("The splitting cause of action doctrine has no application to separate lawsuits involving different defendants."); *Shores,* 998 S.W.2d at 128 ("[T]he prohibition against splitting a cause of action does not apply where the parties are different.").

In this matter, the parties in the Cole County Action and the instant Jackson County Action are not the same. In asserting the defense of claim splitting despite the difference in parties, the Defendants asserted that the parties were essentially the same in both actions due to the employer-employee relationship between the Attorney Defendants and the insurance company defendants in the Cole County Action. The Defendants further noted that the petition in the Cole County Action contains a count asserting vicarious liability against the Nationwide entities on a theory of vicarious responsibility for the actions of the Attorney Defendants. The Defendants did not, however, provide any legal citations in support of the principle that an employer-employee or vicarious liability relationship will operate to establish the "same parties" requirement of the defense of claim splitting.[4]

---

*Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. banc 1991) (quoting *Burke*, 663 S.W.2d at 407). However, neither *Burke* nor *King* involved a situation in which the parties were different in the prior litigation than in the litigation in which the defense was asserted. In *Hollida v. Hollida*, 190 S.W.3d 550, 556 (Mo. App. S.D. 2006), the Southern District of our court noted that *King* quoted approvingly of the Restatement (Second) of Judgments as to the general rule against splitting a cause of action. *Hollida*, 190 S.W.3d at 556 (citing *King*, 821 S.W.2d at 501-02). The *Hollida* Court then pointed out that the rule quoted by *King* "presupposes 'a claim and action by a single plaintiff against a *single defendant*.'" *Id.* (quoting Restatement (Second) of Judgments § 24 cmt. e) (emphasis added by *Hollida*).

[4] Although the defense of claim splitting requires that the parties in the two actions be the same, res judicata recognizes that the "same parties" requirement may be satisfied due to a substantive legal relationship between a party bound by the earlier judgment and a nonparty to that action. See *Clements v. Pittman*, 765 S.W.2d 589, 591 (Mo. banc 1989) ("Res judicata applies not only to parties but to those in privity with them."). "Privity connotes those who are so connected with the party to the judgment as to have an identity of interest that the party to the

11

The general rule in Missouri is that "[w]hen two defendants are potentially liable for the same loss, the claims are considered separate and two suits can be maintained against the differing parties." *Hollida v. Hollida*, 190 S.W.3d 550, 556 (Mo. App. S.D. 2006) (citing Restatement (Second) of Judgments § 49).

> When a person suffers injury as the result of the concurrent or consecutive acts of two or more persons, he has a claim against each of them. If he brings an action against one of them, he is required to present all the evidence and theories of recovery that might be advanced in support of the claim *against that obligor. . . .* If he recovers judgment, his claim is "merged" in the judgment so that he may not bring another action on the claim against the obligor whom he has sued. . . . Correlatively, if judgment is rendered against him, he is barred from bringing a subsequent action against the obligor. . . . But the claim against others who are liable for the same harm is regarded as separate. Accordingly, *a judgment for or against one obligor does not result in merger or bar of the claim that the injured party may have against another obligor.*"

*Hollida*, 190 S.W.3d at 556 (quoting Restatement (Second) of Judgments § 49 cmt. a) (emphasis added in *Hollida* opinion). Although not addressed by the *Hollida* Court, the very next sentence of comment a to the Restatement section 49 indicates that the same general principle applies when the injured person brings separate actions on a theory of vicarious responsibility: "The injured person has a similar option when the conduct of the actual wrongdoer is legally chargeable to more than one person, as when both a servant and his master are liable for the acts of the servant under the principle of respondeat superior."[5]

---

judgment represented the same legal right." *Id.* Defendants essentially suggest that the purported privity between the Nationwide Defendants and the Attorney Defendants make them "the same parties" in determining whether Plaintiffs have impermissibly split their causes of action, yet cite no authority to support their position.

[5] Comment a of the Restatement section 49 goes on to provide that "[t]he injured party's right to maintain separate actions against multiple obligors is subject to several important constraints. The most important of these is that ordinarily he may not relitigate issues determined against him in the first action." Restatement (Second) of Judgments § 49 cmt. a. Collateral estoppel (commonly known as issue preclusion) is a distinct defense from *res judicata* and applies to bar the relitigation of issues. *King*, 821 S.W.2d at 500 ("The critical distinction between collateral estoppel and res judicata is that the former operates only as to issues previously litigated but *not* as to matters *not* litigated in the prior action though such might properly have been determined.") (emphasis in original). Collateral estoppel, when it applies, "only pertains to those issues which were necessarily and unambiguously

12

In *Welch v. Contreras*, 174 S.W.3d 53, 57 (Mo. App. W.D. 2005), our court addressed a similar assertion of the defense of claim splitting as that raised by the Defendants in this matter. In *Welch*, a plaintiff sued multiple parties in Kansas including an employer on the theory of *respondeat superior*. *Id.* Plaintiff also filed suit against the employer and an employee (who was omitted from the Kansas action) in Missouri. *Id.* Our court found the rule against claim splitting applied as against the employer because the plaintiff was barred from suing the same defendant in separate actions upon the same transaction, subject matter, and evidence. *Id.* However, with respect to the employee not sued in the Kansas action, the plaintiff's suit against that employee was allowed to proceed in Missouri even though the employee's conduct was asserted as a basis for the employer's liability in the pending Kansas litigation. *Id.*

A similar result is warranted here. In this matter, following the dismissal of the Attorney Defendants from the Cole County action, the parties in the two actions were not the same. That is, following the dismissal of the Attorney Defendants from the Cole County Action, the Cole County Action was an action by the Plaintiffs against the Nationwide entities. The Jackson

---

decided" in the prior action. *Id.* at 501. Because such issues must have been necessarily and unambiguously decided in the prior action, it has no applicability until a final judgment is rendered in the prior action. *See id.* Thus, even where collateral estoppel could eventually become applicable to a subsequent action once an earlier pending action results in a final judgment (depending, of course, on which issues are unambiguously decided in the action in which judgment is rendered), the mere potential for issue preclusion does not mean that a plaintiff has engaged in improper claim splitting. Conversely, when the defense of improper claim splitting is asserted on the basis of a pending action, and a final judgment on the merits in the pending litigation would necessarily bar the claims asserted in the subsequent action (giving rise to the defense of *res judicata*), then there is no justification for allowing the subsequent action to proceed, such that a dismissal without prejudice is appropriate. *See id.* at 500.

With respect to collateral estoppel (issue preclusion) as it relates to separate actions against separate parties in a vicarious responsibility relationship, Restatement section 51 provides a number of general principles and preclusive effects that may result depending on the issues litigated and the result in the previous litigation. Restatement (Second) of Judgments § 51. *See also Helm v. Wismar*, 820 S.W.2d 495, 498 (Mo. banc 1991) ("Section 51 of the Restatement reports well-developed rules of collateral estoppel recognized in this state."). However, as the Restatement section 51 makes clear, even when some form of issue preclusion may be applicable, the preclusive effects of the prior litigation on subsequent litigation will vary depending on the issues actually litigated and the result of the prior litigation. Restatement (Second) of Judgments § 51.

13

County Action was an action by the Plaintiffs against the Attorney Defendants and Law Office Defendants. Because the instant Jackson County Action is an action against different parties than the Cole County Action, and because a final judgment in the Cole County Action would not necessarily serve to preclude the claim in the Jackson County Action due to the difference in the parties,[6] the rule against splitting a cause of action did not apply to bar the Plaintiffs' Jackson County Action against the Attorney Defendants. The trial court erred in determining that the prohibition on the splitting of claims applied to warrant dismissal.

Point two is granted.

**Point Three**

In their third point, Plaintiffs contend that the trial court erred in granting the motion to dismiss as to the Law Office Defendants on the ground that the Law Office Defendants lacked the capacity to be sued because the Plaintiffs alleged and offered evidence that the Law Office Defendants held themselves out to the public as independent law firms, represented themselves in court as independent law firms, and never clarified the issue with the public or the courts.

The Plaintiffs' petition asserted counts of legal malpractice and breach of fiduciary duty against the Attorney Defendants and the Law Office Defendants. As relevant to the capacity of the Law Office Defendants to be sued, the Plaintiffs' petition alleged:

8.     Defendant Law Office of Michael P. McDonald, Jr., holds itself out to the world as a corporation and in all other respects acts and conducts business as a

---

[6] We recognize that Missouri Courts have previously found that a prior judgment *against* a plaintiff on an action based on *respondeat superior* against either the employer or employee has been found to bar any claims the plaintiff may have against the other arising out of the same transaction. *See, e.g., Berwald v. Ratliff*, 782 S.W.2d 709, 711 (Mo. App. W.D. 1989). However, this result was said to follow only upon a judgment *unfavorable* to the plaintiff in the prior litigation, *see id.*, and would not prevent a plaintiff who was successful in the first suit from bringing an action against the other. *See* Restatement (Second) of Judgments § 51. Thus, it does not follow that, when the defense of claim splitting is asserted on the basis of pending litigation rather than a prior judgment, the defense is established simply because one potential result in the pending litigation might serve to bar the subsequent litigation when a contrary result would not do so. *See also* Restatement (Second) of Judgments §§ 49 & 51.

14

corporation and is therefore estopped from denying its existence as a business organization capable of being sued and having a judgment entered and enforced against it. . . .

9. Defendant Law Office of David J. Bogdan holds itself out to the world as a corporation and in all other respects acts and conducts business as a corporation and is therefore estopped from denying its existence as a business organization capable of being sued and having a judgment entered and enforced against it. . . .

10. Defendant Law Office of McDonald and Bogdan holds itself out to the world as a corporation and in all other respects acts and conducts business as a corporation and is therefore estopped from denying its existence as a business organization capable of being sued and having a judgment entered and enforced against it. . . .

11. Defendants Law Office of Michael P. McDonald, Jr., Law Office of David J. Bogdan, and Law Office of McDonald and Bogdan:

    a.    Are business organizations;

    b.    Have their own:

        i.    letterhead;

        ii.    business cards;

        iii.    websites;

        iv.    logos;

    c.    represent to Courts their organization as a law firm representing clients with no disclaimer nor disclosure of related affiliations.

Rule 55.13 governs averments as to the capacity of a party to be sued and provides:

It shall be sufficient to aver the ultimate fact of the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of a corporation or of an organized association of persons that is made a party. When a person desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the person shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge. When a party so raises such issue, the burden of proof thereon shall be placed upon the opposite party.

15

The Law Office Defendants responded to the Plaintiffs petition by filing a pre-answer motion to dismiss, which specifically denied that the Law Office Defendants had the capacity to be sued. The Law Office Defendants attached exhibits in support of the motion, including the affidavits of Michael P. McDonald, Jr., and David J. Bogdan, which provided supporting particulars regarding the Law Office Defendants as required by Rule 55.13.[7]

Generally, Rule 55.27(a) provides that defenses to a claim in any pleading shall be asserted in the responsive pleading, but also provides that certain enumerated defenses may be made by motion at the option of the pleader. Rule 55.27(a)(3) lists the defense that the *plaintiff* does not have legal capacity to sue as one such defense. That a *defendant* lacks the capacity to be sued is not one of the defenses listed in Rule 55.27(a) which may be made by motion rather than being asserted in a responsive pleading. However, this defense is akin to the listed defense of failure to state a claim upon which relief can be granted, which is enumerated by Rule 55.27(a) as a defense that may be made by motion. *Cf.* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1294 (4th ed. 2022) ("[I]f the lack of capacity, authority, or legal existence issue appears on the face of the pleadings or is discernible therefrom, the issue can be raised by a motion to dismiss for failure to state a claim for relief."). Rule 55.27(a) further provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the
> pleading to state a claim upon which relief can be granted, matters outside the

---

[7] The Defendants assert that Rule 55.13 provides the standard of review for issues raised regarding the capacity of a defendant to be sued. We disagree. Although Rule 55.13 governs averments regarding the capacity to be sued and provides the method by which a person may raise the issue of capacity, the language of the rule does not indicate that the rule provides the means by which that issue is then resolved. Although Rule 55.13 provides that, when the issue is properly placed in issue, the opposing party has the burden of establishing the ultimate fact of capacity, the Rule does not indicate when or how the opposing party must carry that burden. Given that Rule 55.13 speaks in terms of averments, the Rule generally contemplates that the issue would be raised in a responsive pleading such as an answer or reply rather than by pre-answer motion. This conclusion is further reinforced by the omission of the defense of lack of capacity to be sued from Rule 55.27(a)'s list of defenses which may be made by motion.

pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04. All parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 74.04.

In *Lynch v. Hurley*, 569 S.W.3d 33, 38-39 (Mo. App. W.D. 2019), our court examined Missouri Supreme Court precedent with respect to the conversion of motions to dismiss for failure to state a claim into summary judgment proceedings:

[I]n *King General Contractors*, our Supreme Court concluded that "[a]lthough [the defendant] delineated its pleading a motion to dismiss and the trial court employed the term 'dismissed' in its order, the [trial] court's action was in essence a grant of summary judgment in favor of [the defendant]." 821 S.W.2d at 498. The Court concluded that the introduction of matters outside the pleadings, which the trial court accepted and considered, automatically transformed the action into one for summary judgment. *Id.* at 499.

Our Supreme Court clarified in *Naylor Senior Citizens Housing, LP v. Side Construction Co.*, that when adjudicating a motion to dismiss, materials outside the four corners of the petition may only be considered if the trial court converts the motion to dismiss into one for summary judgment and provides notice that it is doing so to the parties. 423 S.W.3d 238, 241 n.1 (Mo. banc 2014). "If the trial court gives no such notice and the judgment expressly grants the motion to dismiss, this is an affirmative statement that the trial court did not convert the motion and, more importantly, that it did not consider matters outside the pleadings." *Id.* However, notice to the parties and compliance with the procedural requirements associated with summary judgment is not necessary "when the parties both submit matters outside the pleadings for the court's consideration" because "the parties [effectively] waive notice of the court's conversion of the matter into a motion for summary judgment, and they likewise waive compliance with Rule 74.04's procedural requirements." *Wilson v. Cramer*, 317 S.W.3d 206, 208 (Mo. App. W.D. 2010).

*Lynch*, 569 S.W.3d at 38-39 (Mo. App. W.D. 2019) (footnote omitted).

In this matter, the Defendants attached to their motion to dismiss a number of exhibits in support of their argument that the Law Office Defendants lacked the capacity to be sued, including affidavits from Michael P. McDonald, Jr., and David J. Bogdan. The trial court did not indicate that it was treating the motion to dismiss as a motion for summary judgment. Plaintiffs

filed a response to the motion to dismiss and attached to their response additional exhibits in the form of court filings that referenced appearances made by and on behalf of the respective Law Office Defendants. The trial court's judgment indicated that it was granting the motion to dismiss as to the Law Office Defendants, *and* the trial court's judgment indicated that it considered material outside of the Plaintiffs' petition, specifically the affidavits attached as exhibits to the motion to dismiss that indicated that the respective law offices were simply part of the corporate law department of Nationwide Mutual Insurance Company. Because both Plaintiffs and Defendants submitted exhibits for the trial court's consideration in its disposition of the motion to dismiss, directed the trial court's attention to these exhibits during the hearing on the motion, and did not object to the trial court's consideration of these exhibits on the motion to dismiss, "they acquiesced in treating this matter as a motion for summary judgment." *See Lynch*, 569 S.W.3d at 39.[8]

"The propriety of summary judgment is a question of law subject to our *de novo* review." *Spath v. Norris*, 281 S.W.3d 346, 350 (Mo. App. W.D. 2009). We give no deference to the circuit court's ruling and view the record in a light most favorable to the party against whom summary judgment was entered. *Id.* "Summary judgment is only proper if the moving party establishes that there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law." *Matter of Summers*, 616 S.W.3d 512, 515 (Mo. App. W.D. 2021) (quoting *Green v. Fotoohighiam*, 606 S.W.3d 113, 115 (Mo. banc 2020)). "We accept as true the facts

---

[8] Plaintiffs never objected to the trial court's consideration of the materials attached to the motion to dismiss and do not on appeal make any assertion that the trial court erred in considering matters outside of the pleadings despite the fact that the trial court necessarily relied on the Defendants' affidavits in determining that "[t]he Law Office Defendants are part of Nationwide's Trial Division, which operates as part of the corporate law department within Nationwide Mutual Insurance Company." Moreover, Plaintiffs' point on appeal asserts that Plaintiffs "properly alleged (**and offered evidence**) that the Law Firm Respondents hold themselves out to the public as independent law firms[.]" (emphasis added).

contained in affidavits or otherwise in support of a party's motion unless those facts are contradicted by the non-moving party's response to the summary judgment motion." *Id.*

In this matter, the affidavits attached to the Defendants' motion to dismiss provided that the Law Office of Michael P. McDonald, Jr., the Law Office of McDonald and Bogdan, and the Law Office of David J. Bogdan are and were part of the corporate law department of Nationwide Mutual Insurance Company, are not and were not corporations, and are not and were not registered with the Missouri Secretary of State. The affidavits further stated that the letterhead for the offices expressly stated that the attorneys are "Employees of Nationwide Mutual Insurance Company" and that the Law Offices are "Not a Legal Partnership or Professional Corporation." The affidavits stated that the business cards of the law offices expressly stated that the attorneys are employees of Nationwide Mutual Insurance Company. The affidavit of Michael P. McDonald, Jr., stated that the affidavit contained an attached exhibit of his initial letter to Jeschke Ag Service, LLC from August 14, 2015.[9]

The Plaintiffs did not dispute any of the statements in the affidavits, but instead took the position that the Law Office Defendants were suable entities because they held themselves out as

---

[9] This exhibit letter is not contained in our record on appeal. It is contained in the appendix to the Respondent's Brief; however, "[i]tems contained in an appendix, but which are not in the legal file or deposited with the appellate court, are not considered on appeal." *City of Kansas City v. Cosic*, 540 S.W.3d 461, 464 (Mo. App. W.D. 2018) (quoting *WCT & D, LLC v. City of Kansas City,* 476 S.W.3d 336, 345 (Mo. App. W.D. 2015)). At the motion hearing, counsel for Defendants represented to the trial court that this letter clearly showed that the Law Office Defendants never represented to the Plaintiffs that they were a separate legal entity:

> [T]he truth of the matter is, and what's at issue in this case is, representations that would have been made by the law office defendants to the plaintiffs, never once did they hold themselves out to the plaintiffs as a corporation or a separate legal entity.

> In fact, in the very, very first communication, which is before this Court, is Nationwide's or the law office defendant's letter to the client in that matter Jeschke Ag advising that Nationwide or that the law office defendants are a part of the legal department of Nationwide. And so that would be the relevant inquiry.

19

law offices.  "Unincorporated divisions of a corporation are not legal entities, and, therefore, lack legal capacity to sue or be sued." *ADP Dealer Services Group v. Carroll Motor Co.*, 195 S.W.3d 1, 7 (Mo. App. E.D. 2005) (citing *United States v. ITT Blackburn Co.*, 824 F.2d 628, 631 (8th Cir. 1987)).  The affidavits attached to the motion to dismiss stated that the Law Office Defendants were part of the legal department for Nationwide Mutual Insurance Company.  The Plaintiffs did not contest this statement.  Thus, the trial court was allowed to rely on this statement in determining that the Law Office Defendants were not entities with the capacity to be sued.  Essentially, the Plaintiffs sought to sue divisions of the legal department of Nationwide Mutual Insurance Company.  However, unincorporated divisions of a corporation are not legal entities capable of being sued.  *ADP Dealer Services Group*, 195 S.W.3d at 7.

Plaintiffs cite to *Clark v. Grand Lodge of Brotherhood of R.R. Trainmen*, 43 S.W.2d 404 (Mo. banc 1931), and *Forest City Mfg. Co. v. Int'l Ladies' Garment Workers' Union*, 111 S.W.2d 934 (Mo. Ct. App. 1938) for the proposition that persons holding themselves out as a corporation or dealing as such with third persons are estopped from denying corporate existence.[10]  The Missouri Supreme Court revisited those cases in *State ex rel. Missouri State High School Activities Ass'n v. Ruddy*, 643 S.W.2d 596, 599 (Mo. banc 1983).  In *Ruddy*, the Missouri Supreme Court cited *Clark* and *Forest City*, for the proposition that "[a]n unincorporated association may conduct business as an entity in such a way as to lead others to rely to their detriment upon such status, and under those circumstances the association should be and will be

---

[10] Plaintiffs cite to these cases without any citation to any particular page or language of those opinions, and without tying anything decided in those cases to the issues in its appeal.  Although these cases are cited for the principle that "persons holding themselves out as a corporation or dealing as such with third persons are estopped to deny corporate existence[,]" no analysis is even attempted to explain anything about those cases or why they are applicable to this appeal.  Rather, the Plaintiffs' briefing regarding these cases is little more than an invitation for this Court to become an advocate for Plaintiffs, which we cannot do.

20

estopped to deny an entity status." *Ruddy*, 643 S.W.2d at 599. The *Ruddy* Court then noted that there were no allegations of misleading action or reliance in the case before it such that the doctrine of estoppel had no application. *Id.* Thus, the general rule applied, which was that an unincorporated voluntary association was not a legal entity apart from its members and could not be sued as a separate entity. *Id.* at 598. This result followed even though the association presented itself publicly as an association, owned property, entered into contracts, and conducted sports exhibitions. *Id.* at 598-99.

In this matter, although the Plaintiffs alleged that the Law Office Defendants held themselves out as law offices, there is no indication that the Law Office Defendants represented *to Plaintiffs* that they were an entity separate from Nationwide, and there is no indication that the Plaintiffs relied to their detriment upon the Law Office Defendants representing that they were law offices. This is clear from the Plaintiffs' arguments on appeal, in which the Plaintiffs assert trial court error based on the manner in which the Law Office Defendants generally refer to themselves publicly rather than how the Law Office Defendants presented themselves to Plaintiffs.

Moreover, Plaintiffs seek to establish that the Law Office Defendants are suable entities from the fact that they presented themselves as law offices. However, law offices may take many forms, not all of which constitute suable entities. For example, a law office may be a sole proprietorship or a general partnership. However, a general partnership is not a legal entity suable in the name of the firm. "In Missouri, a partnership cannot be sued in the firm name. Instead, the action must be brought against the individual partners." *Baum v. Glen Park Properties*, 660 S.W.2d 723, 725 (Mo. App. E.D. 1983); *Kelley v. DeKalb Energy Co.*, 865 S.W.2d 670, 671 (Mo. banc 1993) ("Under Missouri's version of the Uniform Partnership Act, a

21

partnership is not a legal entity separate from the individual partners."). Quite simply, the mere fact that a law office presents itself as a law office does not mean that the law office is a suable entity.

Point three is denied.

## Conclusion

The trial court's dismissal of the Law Office Defendants with prejudice is affirmed. The trial court's dismissal of the Attorney Defendants is reversed and the case remanded for further proceedings consistent with this opinion.

_____
Thomas N. Chapman, Judge


All concur.